WILLARD H. BAILEY *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

MILDRED HODGERNEY *vs.* SAME.

LOUIS J. HODGERNEY *vs.* SAME.

ROSA HODGERNEY *vs.* SAME.

Worcester.   October 19, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, Motor vehicle, In use of highway, Contributory, Imputed. *Law of the Road.*

If a motorman operating a street railway car sees, or ought to see, a motor car approaching on the highway a thousand feet or more away and fails to comply with a rule of the street railway corporation employing him, which makes it his duty to shut off the brilliant headlight of his car, and, if also when the approaching motor car gets on the track a short distance in front of him he fails to apply the brakes and, even when his car has come in contact with the motor car, he for some time makes no effort to put on the reverse, in actions afterwards brought against the street railway corporation by persons who were travelling in the motor car for injuries sustained by reason of the collision, there is evidence of negligence of a servant of the defendant.

If the owner of a motor car is driving it on a highway between eight and nine o'clock on the evening of the fourth of July and has only his side lights lighted,

his headlights being extinguished, and, overtaking a carriage ahead of him which he does not see until he is within eighteen or twenty feet of it, he looks to the left and sees a motor car approaching on that side and then, in violation of the law of the road, attempts to pass on the right of the carriage, although he knows that an electric street railway car is approaching on that side, thinking that he has room to pass in safety and being blinded by the rays from the headlight on the street railway car so as to misjudge the distance between the carriage and the car track, and if the street railway car is operated negligently and runs into his car and he brings an action against the street railway corporation for his injuries thus caused, it cannot be said as matter of law that the presumption of his due care created by St. 1914, c. 553, is entirely overcome by the facts stated above and he is entitled to go to the jury on the issue of his due care.

Together with the case stated above there were tried actions by three other plaintiffs who were travelling in the same motor car as guests of the owner at the time of the collision described above, and it appeared that these other plaintiffs did all that reasonably could be expected from invited guests in the way of looking out for their safety, and, the jury having found that the first plaintiff who was operating the motor car as its owner was in the exercise of due care, it was *said* that no question arose as to whether, if the owner had been found to have been negligent, his negligence could have been imputed to the other plaintiffs.

FOUR ACTIONS OF TORT, the first for damage to a motor car owned and operated by the plaintiff and each of the other three actions for personal injuries sustained while travelling as invited guests in the motor car of the plaintiff in the first case, such damage and injuries having been incurred between eight and nine o'clock on the evening of July 4, 1915, by reason of a collision of the motor car with a street railway car owned by the defendant and alleged to have been operated negligently by the defendant's servants on Grafton Street leading from the town of Grafton to the city of Worcester. Writs dated July 19, 1915.

In the Superior Court the four cases were tried together before *White*, J. The material evidence is described in the opinion. The rule of the defendant, there referred to, was as follows:

"Headlight, Arc, Use of. Arc headlights must not be used at places prohibited by ordinance or special instructions. When approaching a vehicle moving in the opposite direction, the arc light must be turned out, provided it can be done without endangering the safety of car or persons, or in case of doubt, stop car."

At the close of the evidence the defendant asked the judge to order a verdict for the defendant in each case. The judge refused to do this. The defendant then asked the judge to rule in each of the three Hodgerney cases, as follows:

"1. On all the evidence the plaintiff cannot recover and the verdict must be for the defendant.

"2. The lack of care on the part of the driver of the automobile is imputed to the plaintiff, and if the driver of the automobile is guilty of contributory negligence the plaintiff cannot recover.

"3. There is no evidence of negligence on the part of the defendant company which was the proximate cause of the injury to the plaintiff."

The defendant asked the judge to rule in the case of Willard H. Bailey as follows:

"On all the evidence the plaintiff cannot recover and the verdict must be for the defendant."

The judge refused to make any of these rulings and submitted the cases to the jury. The jury returned a verdict for the plaintiff in each of the four cases, in the case of the plaintiff Bailey in the sum of $350, in the case of Mildred Hodgerney in the sum of $100, in the case of Louis J. Hodgerney in the sum of $15 and in the case of Rose Hodgerney in the sum of $500. The defendant alleged exceptions.

The cases were submitted on briefs.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

*J. F. McGrath & W. I. McLoughlin,* for the plaintiffs.

DE COURCY, J. These actions, which were tried together, arose out of a collision between a street railway car of the defendant and an automobile owned and operated by the plaintiff Bailey. A verdict has been returned in his favor for damage to the machine; and the other plaintiffs, who were travelling with him, have verdicts for the personal injuries sustained by them.

1. The jury were warranted in finding that the motorman was negligent. For a thousand feet or more the approaching automobile was within his view, yet he failed to shut off the brilliant headlight on his car until after the collision, in violation of the rule adopted by his employer for the safety of persons in the situation of these plaintiffs. *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476. There was also evidence that he not only failed to apply the brakes when the automobile got upon the track a short distance in front of him, but that he made no effort to put on the reverse for some time after the car came in contact with the automobile.

2. On the testimony of the plaintiff Bailey, there is much to indicate that the accident was due in part to his own contributory negligence. The collision occurred between eight and nine o'clock on the evening of July 4, 1915. He was running his car with his headlights extinguished and only the small side lamps lighted, and did not see the carriage which was proceeding ahead of him until he was within eighteen or twenty feet of it. Instead of then coming to a stop, as he might have done, he looked out to the left, observed that an automobile was coming toward him on that side, and then in violation of the law of the road, R. L. c. 54, § 2, endeavored to pass on the right the carriage in front of him, although he knew that the electric car was approaching. *Perlstein* v. *American Express Co.* 177 Mass. 530. On the other hand there was evidence that he thought he had room enough to pass in safety, and that he was so blinded by the rays from the headlight on the electric car as to misjudge the distance between the carriage and the car track. We cannot say as matter of law that the presumption of due care, to which he is entitled under St. 1914, c. 553, was entirely overcome by the evidence to the contrary. In the opinion of a majority of the court the issue of his due care was for the jury on the presumption and the testimony.

3. The due care of the plaintiffs in the three other cases plainly was for the jury, regardless of the statutory presumption in their favor. On the evidence each did all that reasonably could be expected of an invited guest in the way of looking out for his or her safety. And as the due care of Bailey was for the jury, who found in his favor, no question arises of the imputability to the other plaintiffs of negligence on his part. See *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262.

*Exceptions overruled.*