· ROBERT C. ORPIN *vs.* JAMES G. MORRISON & others.

Middlesex. March 15, 1918. — June 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Exceptions. *Land Court,* Exceptions. *Way,* Private, Of necessity. *Evidence,* Admitted without objection, Presumptions and burden of proof.

Where, at the hearing of a petition for the registration of the title to certain land, the existence of a way by necessity is an issue, if certain evidence is admitted unqualifiedly and without any objection or exception, to the effect that a predecessor in title of the petitioner, when conveying the locus to another, it comprising only a portion of a parcel of land owned by him, stated to the grantee that he did so with the understanding that the grantee would use, to reach a public way otherwise inaccessible excepting over the remaining land of the grantor, a way across

land then owned by the grantee's wife, and no motion is made either to strike out or to limit the use of the evidence, the trial judge must give such evidence its proper probative force and its admissibility cannot be considered by this court.

Where, at the close of all the evidence at the hearing of the petition above described, the judge ruled that the evidence described was competent and an exception was taken, such ruling and exception do not bring to this court the question of the admissibility or competency of the evidence.

The presumption that, where the owner of a tract of land conveys to another a part of it from which no right of way to a public way exists unless there be one over land of the grantor, such a way over the grantor's land is intended to be and is included in the grant, may be rebutted by evidence tending to show that the grantor's intention, understood by the grantee, was that there should be no such way over his remaining land but that the grantee should use a way over land then owned and occupied by the grantee's wife.

PETITION, filed in the Land Court on October 28, 1910, for the registration of certain land in Medford, the petitioner claiming rights of way as described in the opinion.

In the Land Court the petition was heard by *Davis,* J., who found that the petitioner had neither of the rights of way claimed by him. The petitioner alleged exceptions.

*J. H. Morson, (R. C. Orpin* with him,) for the petitioner.

*T. W. Proctor,* for the respondents Morrison and Berry.

*F. J. Maloney,* for the respondent Twombly, submitted a brief.

RUGG, C. J. This is a petition for the registration of title to a tract of land in Medford containing about a quarter of an acre. It hereafter is referred to as the lot. It is surrounded by land owned by others, and does not abut on any public or private way. There is no easement of access to it from any public or private way discoverable on the records. The petitioner contends that there is appurtenant to it (1) a right of way over land of the respondent Twombly, or failing in that, (2) an easement of necessity over land of the respondents Morrison and Berry. The westerly boundary of the lot is about four hundred feet easterly from Fulton Street, a public way, from which it is separated by land of the respondents Morrison and Berry. The easterly boundary of the lot is distant about two hundred and twenty-two feet westerly from Fellsway West, another public way, from which it is separated in part by land of the respondent Twombly. In 1893, the lot and the land now owned by Morrison and Berry were owned by George G. Fifield as one tract. In that year he conveyed the lot to James H. Fitzpatrick by warranty deed free from incumbrances.

The petitioner has become owner of the lot through a tax deed. Fifield conveyed the remainder of his tract to Morrison and Berry in 1902 by warranty deed free from incumbrances except certain mortgages and taxes. James H. Fitzpatrick, at the time of his purchase of the lot in 1893, lived with his wife upon the land now owned by Twombly but then owned by her, there being upon it a dwelling house and barn. At that time a driveway led from Fellsway West to the rear of that land, and was separated from the lot only by an old wall and fence. The judge of the Land Court found that Fitzpatrick then took down a portion of the wall and fence between the lot and the driveway and cultivated his land, obtaining access through the driveway belonging to his wife. Twombly has acquired title to the land formerly of Mrs. Fitzpatrick through the foreclosure of a mortgage.

A witness called by Morrison and Berry testified without objection or exception that he was present at the conversation between Fifield and Fitzpatrick at the time of the purchase of the lot, that the latter offered $100 for the lot and would not give any more, and that Fifield replied that he could have it provided "he would use his right of way on his place," meaning that of Mrs. Fitzpatrick, and that "under no other condition would he [Fifield] sell it for a hundred dollars," and that the lot was sold "·cheap" for that reason, and that Fifield claimed no right of way over the land or driveway of Mrs. Fitzpatrick.

The main question argued by the petitioner is whether the testimony as to the conversation between Fifield and Fitzpatrick, to the effect that no right of way over other land of the former should attach to the lot conveyed to the latter, was competent. That question, however, is not open to the petitioner. The testimony was admitted without objection. No motion was made to strike it out or to narrow its force to the single point to which, as is now argued by the petitioner, it was competent. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577, 581. The judge did not undertake on his own account to order the evidence stricken out. It was not admitted *de bene. Clarke* v. *Fall River,* 219 Mass. 580, 586. Ruling upon the competency was not postponed by the judge until a future stage of the trial. *N. J. Magnan Co.* v. *Fuller,* 222 Mass. 530, 535. The testimony was received in evidence unqualifiedly, without reservation or exception. It is not

necessary to consider whether, if by accident or mistake no exception had been saved, that might be remedied by the court allowing an exception late, because nothing of that sort was attempted. The testimony was in evidence. It was too late then for either party to save an exception respecting its competency.. That must be done ordinarily when offered. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Commonwealth* v. *Johnson,* 199 Mass. 55. Each party had a right then to insist upon its being given its appropriate probative force. It was the duty of the judge to consider it, so far· as to him it seemed worthy of belief and pertinent to the issues.

At the close of all the evidence it appears that the judge ruled that the parol evidence that there should be no right of way by necessity was competent, and that the petitioner excepted to that along with other rulings. But that ruling and exception did not affect the evidence nor open anew its competency. The ruling was impertinent to any matter at that time before the court. The testimony, being already in without objection, was entitled to receive whatever may have been its probative effect. No question of law respecting its admissibility is open. *Hubbard* v. *Allyn,* 200 Mass. 166, 171. *Damon* v. *Carrol,* 163 Mass. 404, 408. *Diaz* v. *United States,* 223 U. S. 442, 450. The judge, by undertaking to make a ruling of law touching a matter not then relevant to any question pending before him, cannot lay the foundation for a good exception or give vitality to a thing which has no life. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51, and cases there collected. It is the plain practice in trials at common law, and in harmony with its spirit as it has been developed, that questions of law as to the admissibility of evidence must be raised as the evidence is presented and not at some later period of the trial at the volition of either party. It is only by adherence to this rule that confusion and jeopardy of fundamental rights of parties can be avoided.

This is not a case where the evidence was offered to control or vary an instrument in writing, as to which see *Glackin* v. *Bennett,* 226 Mass. 316, 320, and cases there collected. The testimony related to the intent of the parties to the deed respecting a way of necessity, which was the very matter in issue. Although ordinarily gathered from circumstances and shown by extrinsic

evidence, it might be inferred from the direct testimony thus received in evidence without objection.

It follows that each party now may insist upon his rights respecting that evidence, and that the case be decided upon the record as presented. It becomes unnecessary to discuss the admissibility of the evidence, as to which see *Buss* v. *Dyer,* 125 Mass. 287, 291; *Leonard* v. *Leonard,* 2 Allen, 543, 545; *Cook* v. *Babcock,* 7 Cush. 526; *Simanovich* v. *Wood,* 145 Mass. 180; *Lebus* v. *Boston,* 107 Ky. 98; *S. C.* 47 L. R. A. 79.

A right of way of necessity over land of the grantor is implied by the law as a part of the grant when the granted premises are otherwise inaccessible, because that is presumed to be the intent of the parties. The way is created not by the necessity of the grantee but as a deduction as to the intention of the parties from the instrument of grant, the circumstances under which it was executed and all the material conditions known to the parties at the time. The rule has its basis in a construction of the deed with reference to all the facts within the knowledge of the parties respecting the subject of the grant, to the end that their assumed design may be carried into effect. It is founded on the idea that it is the purpose of the parties that the conveyance shall be beneficial to the grantee. "It is not the necessity which creates the right of way, but the fair construction of the act of the parties." "Necessity is only a circumstance resorted to for the purpose of showing the intent of the parties." *Nichols* v. *Luce,* 24 Pick. 102, 103, 104. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 411. *Richards* v. *Attleborough Branch Railroad,* 153 Mass. 120, 122. It is, however, a pure presumption raised by the law. The right of way does not pass as appurtenant, because there can be no way appurtenant to one part of an entire tract over another part of the same tract when the whole parcel is in single ownership in fee. It is a strong thing to raise a presumption of a grant in addition to the premises described in the absence of anything to that effect in the express words of the deed. Such a presumption ought to be and is construed with strictness. There is no reason in law or ethics why parties may not convey land without direct means of access, if they desire to do so. When a purchaser has voluntarily purchased land knowing its situation fully and that "he had no access to the back part of it, but over the land of another, it was his own

folly; and he should not burden another with a way over his land, for his convenience." *Gayetty* v. *Bethune*, 14 Mass. 49, 56.

There are circumstances in the case at bar which apart from the oral testimony give color to the contention that the parties did not intend a right of way by necessity. But, however that may be, the actual intention of the parties as disclosed by the oral testimony makes it plain that there was express understanding that there should be no right of way over other land of the grantor. Hence there is no right of way to the lot over land of Morrison and Berry.

It is manifest that there is no right of way appurtenant to the lot over the land of Twombly.. There was no such right of way by grant. No such way has been used in connection with the lot for a sufficient period of time to become established by prescription.

*Exceptions overruled.*