FRANCISCO P. SARMENTO, administrator, *vs.* BERT A. VANCE.

Bristol. October 28, 1918. — November 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Contributory, Motor vehicle. *Evidence,* Presumptions and burden of proof.

A boy sixteen years of age was standing in the street with another boy watching a concrete mixing machine which was being operated. There was a single street railway track in the middle of the street. The mixing machine stood between one of the rails of this track and the curbstone of the sidewalk. The machine had a hopper, which when lowered swung outward about two feet beyond the machine toward the centre of the street. The boy was standing on the street railway track about half way between the rails, facing the machine and a little less than three feet from it, when the hopper was lowered and he stepped back a single step to avoid being struck by it and was struck and killed by a motor car being driven negligently at the rate of about thirty miles an hour and approaching without warning. There was ample space in the highway for the motor car to have passed behind the boy without striking him. In an action against the owner and operator of the car for causing the boy's death, it was *held* that on the facts stated above, which could have been found upon the evidence, it could not·be ruled as matter of law that the plaintiff's intestate was negligent.

In the case above described there was no evidence that the intestate looked behind him before stepping back, and it was *said* that, if he did not, his failure to do so would not necessarily be negligence.

In the same case it was *said* that it was not necessary to consider, whether, if the accident had happened before the enactment of St. 1914, c. 553, there would have been evidence to warrant a finding that the intestate was actively in the exercise of due care.

TORT by the administrator of the estate of Manuel G. Goularte for causing the death of the plaintiff's intestate on November 7, 1914, in the manner described in the opinion by running into him almost directly in front of a school house on Globe Street in Fall River where the intestate attended school. Writ dated November 14, 1914.

The defendant's answer contained an allegation that there was contributory negligence on the part of the plaintiff's intestate.

In the Superior Court the case was tried before *Morton,* J. The facts in regard to the conduct of the plaintiff's intestate which could have been found upon the evidence are stated in the opinion.

The bill of exceptions contained the statement, "It is not contended that the evidence would not warrant a finding of want of due care on the part of the defendant." At the close of the evidence the defendant made a motion asking the judge to order a verdict for the defendant on the ground that the evidence would not warrant a finding that the intestate was in the exercise of due care. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*A. G. Weeks,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

CROSBY, J. The plaintiff's intestate, a boy sixteen years of age, was struck by an automobile owned and operated by the defendant, receiving fatal injuries. This action is brought to recover for his death.

The accident occurred on Globe Street in Fall River on November 7, 1914, at about half past seven o'clock in the morning. A street railway track, running east and west, is laid approximately in the centre of the street; between the southerly rail of the track and the curbing of the southerly sidewalk a concrete mixing machine was being operated at the time of the accident; attached to the machine was an elevator, or hopper, that when lowered swung outward about two feet beyond the machine toward the centre of the street.

There was evidence that for some time before he was struck the intestate, with another boy, was watching the operation of the machine, and stood on the street railway track about half way between the rails, a little less than three feet from the machine; that he was facing it, and that when the hopper came down he stepped back and was struck by the automobile.

The witness Doyle testified that, at the time of the accident, he operated the mixing machine and saw the intestate standing near it; "that the hopper would have hit him if he had not backed up; that the hopper when down reached almost to the car track, and that Goularte backed out far enough to get away from the hopper." There was a conflict in the evidence as to the number of steps backward the intestate took, but it could have been found on the testimony most favorable to the plaintiff that the intestate took but one step back toward the centre of the street before he

was struck by the automobile which, one witness testified, was travelling at the rate of about thirty miles an hour. There also was evidence that no warning signal was given of its approach; and "all testified that the mixer is a noisy machine." The defendant testified that "when within five or six feet of the machine . . . .[he] applied his brakes and 'yelled.'"

The defendant concedes that the evidence would warrant a finding that he was negligent, but contends that under St. 1914, c. 553, he has shown affirmatively as matter of law that the fatal injuries received by the intestate were the result of contributory negligence on his part.

While there is no evidence to show that the intestate looked behind him before stepping back, that would not be conclusive on the question of due care even at common law. Upon the evidence most favorable to the plaintiff and the reasonable inferences to be drawn therefrom, including the age of the intestate, it could have been found that his attention was directed to the operation of the machine; that he stepped back a single step when the hopper was lowered, believing he might be near enough to it to be struck, and thinking he could do so without danger of being run over by a passing automobile when he was standing within three feet of the machine and there was ample space in the highway behind him for an automobile to pass without striking him.

Whether before the enactment of St. 1914, c. 553, the evidence would have been sufficient to warrant a finding that the intestate was actively in the exercise of due care need not be determined, as we are satisfied that under the statute it could not have been ruled that the death of the plaintiff's intestate was due to contributory negligence on his part. *Mercier* v. *Union Street Railway,* 230 Mass. 397. *Bailey* v. *Worcester Consolidated Street Railway,* 228 Mass. 477. *Creedon* v. *Galvin,* 226 Mass. 140.

It follows that the entry must be

*Exceptions overruled.*