SARAH RICH *vs.* FRANK M. ROGERS.

Suffolk.　January 8, 1925. — January 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Libel and Slander. Malicious Prosecution. Evidence,* Relevancy and materiality, Competency. *Practice, Civil,* Conduct of trial.

At the trial of an action of tort by a woman for slander in publicly accusing her of larceny, and for malicious prosecution of a charge of larceny, evidence is admissible relating to interviews of the defendant with newspaper reporters, publications in newspapers, and conduct of the defendant with a camera man in connection with a taking of a picture of the plaintiff, all of which tended to show malice on the part of the defendant toward the plaintiff.

At the trial of the action above described, evidence was admissible tending to show humiliation and mental suffering on the part of the plaintiff which were proximate results of her prosecution, and also everything done by officers within their authority at a police station to which she was conducted, the change in conduct and manner of acquaintances toward her and any financial loss resulting to her directly from the prosecution.

Conversations between the plaintiff and the defendant when he was charging her with the theft in question were competent and admissible in evidence at the trial above described.

Statements made by the plaintiff to a police officer when her hand bag was being searched, in explanation of the presence therein of the articles alleged by the defendant to have been stolen by her, and testimony by her brother tending to show that without her knowledge he put the articles in the bag, were admissible in evidence at the trial above described.

It is within the discretion of a trial judge to refuse to strike out testimony which previously had been admitted without objection.

In order to be entitled to a verdict, a plaintiff in an action for slander need not prove that the alleged slanders were spoken in the exact words used in the declaration in the action: it is enough if he proves that the words were spoken substantially as alleged.

Where, at the trial of an action for malicious prosecution on a charge of larceny, it appears that the defendant personally signed and swore to a complaint in a district court against the plaintiff, it is proper to deny a request for a ruling relating to the right of a person who believes that a crime has been committed to make a statement of the facts, which he has heard and believes to be true, to a police officer, and then to leave the matter to the officer to act upon his own judgment in regard to a prosecution.

Tort, with a declaration as amended in two counts, the plaintiff alleging in the first count that "the defendant publicly, falsely, and maliciously accused the plaintiff of the crime of larceny, by words spoken of the plaintiff substantially as follows: 'This girl (meaning the plaintiff) stole the books. She stole the books Friday.'" In the second count, the plaintiff alleged that on July 8, 1912, the defendant "falsely, wickedly, and maliciously and without probable cause so to do, procured the arrest of the plaintiff upon the charge of larceny," of which she was acquitted in the District Court of East Norfolk. Writ dated February 4, 1914.

In the Superior Court, the action was tried before *J. F. Brown*, J. The alleged slander and malicious prosecution related to the plaintiff's being accused of stealing books of tickets of the Boston Bay Steamboat Company, of which the defendant was treasurer, on July 8, 1912. This action was tried in May, 1921. Material evidence, rulings asked for, and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff on the first count in the sum of $750 and on the second count in the sum of $3,000. The defendant alleged exceptions.

The case was submitted on briefs.

*W. J. Patron* & *C. A. McDonough*, for the defendant.

*J. M. Morrison* & *J. W. Coughlin*, for the plaintiff.

Sanderson, J. This is an action of tort with a declaration in two counts: the first, for slander in publicly accusing the plaintiff of larceny; and the second, for malicious prosecution of the plaintiff upon a charge of larceny. The jury returned a verdict for the plaintiff on each count. The exceptions of the defendant relate to the admission of evidence, and to the refusal of the trial judge to give the rulings requested and to direct a verdict for the defendant on each count.

The exceptions to the admission of evidence must be overruled. The testimony objected to concerning publications in newspapers, interviews with reporters and the defendant's conduct with a camera-man in connection with taking the picture of the plaintiff, was admissible to show malice. In the charge the judge ruled that the defendant was not liable for anything that happened as a result of newspaper articles. In an action for malicious prosecution the defendant is liable for that " ' which would naturally arise from the service of the process or which . . . might be expected ' to happen as ' the natural consequence of the service of the process.' " *Laing* v. *Mitten*, 185 Mass. 233, 234. This includes humiliation, mental suffering, everything done by officers at the police station within their authority, the change in the conduct and manner of acquaintances toward the plaintiff and any financial loss resulting to her directly from the prosecution. *Markham* v. *Russell*, 12 Allen, 573. *Wheeler* v. *Hanson*, 161 Mass. 370. The testimony objected to bearing on these issues was therefore competent. Conversations between the plaintiff and the defendant when he was charging her with stealing the tickets in question were competent, and the defendant's motion to strike out the plaintiff's statements to the defendant was properly denied. The statement of the plaintiff to the officer when her bag was searched, explaining the presence in the bag of the tickets alleged to be stolen, was admissible. She had previously said to the defendant, and to the officer who found the tickets, that they were not in the bag; and she was entitled to prove that she did not know they were there, and also to state to the officer her reason for not knowing. The witness had previously testified without objection that she had told her brother to put these tickets on a table in her home. It was competent for her to show, by her brother, that he put the tickets in her bag without her knowledge. The testimony of the lieutenant that he understood that the plaintiff was under arrest before she came to the station was admitted without objection; and it was within the discretion of the court to deny the motion to strike it out. The defendant cannot be harmed by this

evidence. On the undisputed testimony she was arrested at some time, and there was no evidence that the arrest took place after she was searched.

The defendant made seven requests for rulings, none of which were given in terms, but they were given in substance in so far as the defendant was entitled to them. On the charge the jury could not have returned a verdict for the plaintiff on the count for slander unless they found that " the words were maliciously and falsely spoken, and that they were substantially as set out in the declaration." *Brow* v. *Hathaway*, 13 Allen, 239. It is enough to prove that the words were spoken substantially as alleged. *Baldwin* v. *Soule*, 6 Gray, 321. *Pion* v. *Caron*, 237 Mass. 107.

On the count for malicious prosecution, the jury were instructed, in substance, that the plaintiff has the burden of proving that she was prosecuted both maliciously and without probable cause, and that on the latter issue this burden required the plaintiff to prove that the defendant had no reason which would lead an ordinarily prudent and careful man to believe that the plaintiff had committed the larceny charged or strongly and honestly to suspect that she had. The defendant's fifth request, relating to the right of a person who believes that a crime has been committed to make a statement of the facts, which he has heard and believes to be true, to a police officer, and then to leave the matter to the officer to act upon his own judgment in regard to a prosecution, was properly denied. The complaint was made not by the officer but by the defendant personally. *Burnham* v. *Collateral Loan Co.* 179 Mass. 268. *Griffin* v. *Dearborn*, 210 Mass. 308, 313.

Testimony was offered in the case in support of every material issue on each count. The motion for a directed verdict was, therefore, rightly denied.

*Exceptions overruled.*