COMMONWEALTH *vs.* RAYMOND VALENTINO.

Suffolk.   October 18, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* New trial, Exceptions.

An exception to the denial of a motion for a new trial of an indictment which raises no question of law that did not arise at the trial must be overruled.

An exception by a defendant to the denial of his motion, at a trial of an indictment, to strike out questions and responsive answers which had been admitted in the direct examination of a witness of the Commonwealth without objection to the questions on the part of the defendant, must be overruled.

INDICTMENT, found and returned on January 12, 1925, charging the defendant with robbery of $17, the property of one Emil Knuttemin.

In the Superior Court, the indictment was tried before *Whiting,* J. There was evidence that Knuttemin and the defendant had engaged in a fist fight; that a police officer, hearing the fight, had seen Knuttemin lying on the ground and the defendant some distance away; that he took hold of the defendant and brought him to Knuttemin, helped Knuttemin to his feet and, not "addressing any one in particular," asked what was the trouble; that Knuttemin, pointing to the defendant, said that "He took my money out of my pocket." The defendant denied that he took any money. There was money on the ground.

After the officer's testimony, the defendant moved that the evidence be struck out. The motion was denied, subject to an exception by the defendant. In cross-examination the officer then testified "that he intended to arrest the defendant when he took him back to the person assaulted and as far as he was concerned, the defendant was under arrest from the time that he approached the defendant at the first instance."

The defendant called to the attention of the trial judge the officer's testimony in cross-examination, "as relating to and bearing upon the defendant's motion to strike out." No request for rulings was made by the defendant and the judge "did not instruct the jury as to what the defendant's rights were under the circumstances." The defendant was found guilty. He moved for a new trial on the grounds that the verdict was against the evidence, that the verdict was against the weight of the evidence, and that the verdict was against the law. The motion was denied. The defendant alleged exceptions.

The case was submitted on briefs.

*W. R. Scharton*, for the defendant.

*E. J. Harrigan*, Assistant District Attorney, for the Commonwealth.

WAIT, J. These exceptions cannot be sustained. No question of law which did not arise at the trial was presented by the motion for a new trial. The decision upon that motion was within the discretion of the trial judge. Nothing appears to show an abuse of discretion. *Commonwealth* v. *Teregno*, 234 Mass. 56, 60.

The bill of exceptions fails to show that any objection was made to the questions asked of the witnesses. It was too late to object and to move to strike out after responsive answers had been given. *Commonwealth* v. *Johnson*, 199 Mass. 55, 60, 61. See Wigmore, Ev., § 18, and cases cited.

Nothing appears to show that counsel for the defendant was surprised by the answers, or misled by the questions.

*Exceptions overruled.*