RUBY G. PETERSON *vs.* MEEKINS, PACKARD AND WHEAT INC.

Hampden.    November 7, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Implied, For services.

A saleswoman in a department store brought against her employer, a corporation, an action of contract with a declaration in two counts, the first for money had and received by the defendant to her use, and the second upon an account annexed for services rendered. At the trial there was evidence that during a certain period the plaintiff was in charge of a department of the defendant in which goods of another

corporation were being demonstrated and was receiving a stipulated salary; that she learned that the second corporation was paying a certain sum per week to her employer for "the girl who did that work"; that she called this to the attention of her immediate superior and he said he would look it up and if there was anything coming from the second corporation he would give it to her. Later he denied that such payment was being made by the second corporation, and when later the plaintiff again called the fact to his attention he admitted that the second corporation had sent the sum each week to pay to her and stated that it had been paid to her all the time in her salary. The judge ordered a verdict for the defendant. *Held,* that

(1) The verdict properly was ordered on the count for services rendered;

(2) There was evidence warranting a finding for the plaintiff on the count for money had and received, since the evidence warranted a finding that the defendant had received from the second corporation a sum of money which in equity and good conscience belonged to the plaintiff;

(3) Exceptions by the plaintiff were sustained.

CONTRACT. Writ dated January 7, 1925.

In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence is stated in the opinion. At the close of the evidence for the plaintiff, the defendant rested and the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. P. Mahoney,* for the plaintiff.

*C. H. Beckwith,* for the defendant.

PIERCE, J. This is an action of contract. The declaration contains two counts, the first for money had and received, the second upon an account annexed for services rendered from December 25, 1917, to May 10, 1922. The answer of the defendant is a general denial, and a plea of the statute of limitations to so much of the claim as accrued prior to January 7, 1919. The writ is dated January 7, 1925, and described both defendants as corporations. Before the trial the plaintiff discontinued as to the defendant Miro-Dena Corporation and proceeded against the defendant Meekins, Packard and Wheat, alone. At the close of the direct examination of the plaintiff both sides rested, and the presiding judge, on motion of the defendant, ordered a verdict in its favor. The plaintiff duly excepted. Later,

the judge reported the case to this court with the pleadings and all material evidence relevant to the issues.

In substance the evidence most favorable to the issues presented by the declaration of the plaintiff is as follows: She began work for the defendant in 1911 or 1912 in the toilet goods department of its store.   One Harold Wheat was the buyer for that department.   After about three years service there, she was transferred to the lace department.   While there Harold Wheat asked her to go back to the toilet goods department to help demonstrate the Miro-Dena line of goods, saying her pay would be raised $2 a week. She did not go back because Wheat would not let her have charge of the department.   About Christmas, 1917, she was placed in charge of the toilet goods department.   One Pierce was the then buyer for that department and was her "superior."   She asked him for a "raise in pay" and received a raise of $2 a week, $12 a week in all.   She told Pierce that she "understood the Miro-Dena people were paying $5 a week to the girl in charge of that department for demonstrating their goods."   Pierce replied that "the Miro-Dena goods were not being demonstrated any more." Ten days later he came to her and said: "We want to feature these Miro-Dena goods . . . we want to push this line and sell all we can of it, and we want you to display it and we want you to order it when it is low . . . we want you to send in a week's report, every day at the end of the day you make out a list of what you have sold and . . . enter it every week, add it up and send it to the company, the Miro-Dena people."   She asked him if she was to get anything extra for all that work, and he replied that perhaps the Miro-Dena people would give her five per cent commission which she could divide with the other girls.   She told him she understood that the Miro-Dena people were paying $5 a week to the girl who did that work.   He said he would look it up and if there was anything coming from the Miro-Dena people he would certainly give it to her. The five per cent commission was received and divided with two other girls.   Later Pierce told her "the Miro-Dena people were not paying the $5 a week," and when asked

many times about it said there was absolutely nothing coming from the Miro-Dena people.

After that she talked with Harold Wheat, the secretary of the defendant corporation, showed him a letter which she had received from the Miro-Dena people, and he read it. She testified: "He said that he did not know of anything that was being sent from the Miro-Dena people for me, but that he would look it up and if there was anything coming to me he would see that I received it." Speaking to Wheat of the letter she said: "Mr. Wheat, they have been sending $5 a week because that letter says so and they to pay me, Meekins, Packard and Wheat to pay me $5 for my services for demonstrating their toilet goods, and they in return would pay Meekins, Packard and Wheat each week, sending it to them." After the letter was shown to Wheat she spoke to Pierce about it. He said the Miro-Dena people had sent Meekins, Packard and Wheat $5 each week to pay to her and that it had been paid to her all along in her salary. "You have been receiving that all the time; I have told you that you received that money."

The plaintiff's testimony, if believed, warranted a finding that she had never received any part of any money paid on her account to the defendant by the Miro-Dena people. There is nothing in the testimony of the plaintiff, quoted in substance, which would warrant a jury in finding that the defendant owed her any sum of money for services rendered by her to it. Her testimony as to what Pierce said was received without question of his knowledge whether as a fact the Miro-Dena people had paid the defendant for the plaintiff, and without question as to his authority in the circumstance to speak for the defendant, was entitled to its probative force. *Damon* v. *Carrol,* 163 Mass. 404. *Hubbard* v. *Allyn,* 200 Mass. 166, 171. *Anthony & Cowell Co.* v. *Brown,* 214 Mass. 439, 441. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573, 575. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 260 Mass. 599, 612. Considering what Pierce said only in its aspect most favorable to the plaintiff's contentions, it clearly warranted a finding that the defendant had received of the Miro-Dena Corporation a sum of

money which in equity and good conscience belongs to the plaintiff, and supports the first count of her declaration. It results that the exceptions must be sustained, and the case stand for a new trial.

*So ordered.*