EVANGELINE DuBOIS *vs.* ETHEL POWDRELL.

SAME *vs.* ROBERT POWDRELL.

Barnstable. April 2, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence,* Contributory, In use of way. *Evidence,* Of agency, Admissions, Admitted without objection. *Agency,* Existence of relation.

At the trial of an action of tort for personal injuries by a child eight years of age, there was evidence that the plaintiff, a pedestrian, stopped at the side of a way to allow an automobile coming from his left to pass and then immediately walked quickly across the way "looking straight ahead toward . . . [his] own house" on the further side and "looked in no other direction"; that, when he was "one step" from his own yard, he was struck by an automobile of the defendant which had approached very rapidly from his right; and that the plaintiff could have seen the defendant's automobile if he had looked in that direction. *Held,* that it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

There was evidence, at the trial of an action of tort for personal injuries sustained when the plaintiff was struck by an automobile owned by the defendant, a woman, and operated by her son, that he was in the habit of using the automobile to do errands for the defendant; and that he had used it for that purpose at a previous time on the day of the accident. A witness testified that, immediately after the accident, the son was charged with having driven fast and said, "My mother sent me to the telephone office to telephone to my father." Such testimony was admitted without objection or restriction as to its effect. The action was tried before St. 1928, c. 317, § 1, took effect. *Held,* that

    (1) Such testimony was relevant on the issue, whether the son, at the time of the accident, was operating the automobile as an agent of the defendant;

    (2) Such testimony, having been admitted without objection or restriction, was entitled to its probative force on that issue, whether or not it was competent: no rule of substantive law prevented its consideration by the jury;

    (3) A finding was warranted that the son was operating the automobile as agent of the defendant at the time of the accident.

TWO ACTIONS OF TORT. Writs dated August 14, 1925.

Material evidence at the trial of the actions together in the Superior Court before *Keating,* J., is stated in the

opinion.  The judge denied a motion by the defendant in each action that a verdict be ordered in his favor.  Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $6,916.66 was recorded in each action.  Thereafter, the judge ordered the entry of a verdict for the defendant in the first action; and denied a motion by the defendant in the second action that a verdict be entered in his favor.  Both parties alleged exceptions in the first action and the defendant alleged an exception in the second action.

*G. R. Farnum,* for the plaintiff.

*W. H. Brown,* for the defendants.

FIELD, J.  The plaintiff, a minor, by her next friend, brought an action of tort against Robert Powdrell, a minor, another against Ethel Powdrell, his mother, and a third against Fred A. Powdrell, his father, to recover damages for personal injuries alleged to have been caused by the negligence of the minor defendant in driving an automobile owned by his mother.  The cases were tried together by a judge and a jury.  There was a verdict for the defendant in the case against the father.  In each of the other cases the defendant's motion for a directed verdict was denied, the jury returned a verdict for the plaintiff, and leave was reserved under the statute (G. L. c. 231, § 120) to enter a verdict for the defendant.  The minor defendant's motion for the entry of such a verdict was denied, but his mother's motion was granted.  Exceptions of the defendant in both actions and of the plaintiff in that against the mother bring these cases before us.

1. There was no error in denying the motions of the defendant in the case against Robert Powdrell.

The evidence tended to show that on the afternoon of April 11, 1925, this defendant, while driving, very fast, an automobile belonging to his mother and registered in her name, on a road running in front of the house where the plaintiff lived, which was at his right as he approached, struck the plaintiff, a girl eight years old, who was crossing from the left side of the road to her house and "was almost in her own yard," and injured her.

This defendant has not argued that he was not negligent but he contends that the plaintiff was guilty of contributory negligence. The testimony most favorable to the plaintiff was given by a witness, called by her, who was looking out of the window of a near-by house when the accident happened. This witness testified that the plaintiff stopped on the left side of the road to let an automobile go by in the direction opposite to that in which the defendant was driving, and "then immediately started to cross the road," that the witness saw coming the automobile driven by the defendant after the plaintiff "had started to cross the street and was a quarter way across," that there was nothing to prevent the plaintiff's seeing it if she had looked that way, that the plaintiff "walked across the street looking straight ahead toward her own house" and "looked in no other direction," that she walked "quick" and that "one step more would have taken her into her own yard." It could not have been ruled as matter of law that the defendant had sustained the burden imposed on him by G. L. c. 231, § 85, of proving affirmatively that the plaintiff failed to exercise due care. For her to have crossed the road quickly, "looking straight ahead toward her own house," was not necessarily negligence under the circumstances disclosed by the testimony. *Tripp* v. *Taft*, 219 Mass. 81. *Creedon* v. *Galvin*, 226 Mass. 140. *Sarmento* v. *Vance*, 231 Mass. 310. *Woodman* v. *Powers*, 242 Mass. 219.

2. It was error to order the entry of a verdict for the defendant in the case against Ethel Powdrell.

The only issue in this case not involved in the action against the minor defendant was whether, at the time of the accident, he was the agent of his mother and engaged in her business or acting under her directions. See *Dennis* v. *Glynn*, 262 Mass. 233. An affirmative finding on this issue was warranted. There was evidence that she was the owner of the automobile, that he was in the habit of using it to drive down town to do errands for her, and that he had used it on an errand for her at noon on the day of the accident, though both of them denied that he was using it for her in the afternoon when the plaintiff was

injured.   As the case was tried before St. 1928, c. 317, § 1, took effect (see *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, this evidence by itself would not warrant a finding that he was acting for her.   There was, however, the additional testimony that the minor defendant said to a witness for the plaintiff immediately after the accident, in reply to a charge that he was driving fast, "My mother sent me to the telephone office to telephone to my father."   This testimony was relevant to the issue of agency, tended to prove that the minor defendant was driving the automobile for his mother, and was sufficient to carry the case to the jury. An alleged agent "may be called as a witness and the agency may be shown by his testimony" (*Haney* v. *Donnelly*, 12 Gray, 361, 362, *Sylvester* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 148, 152, *Smith* v. *Milne*, 262 Mass. 113), but in general his statements made out of court as to facts tending to show agency are inadmissible for that purpose because hearsay. *Haney* v. *Donnelly, supra. Simmons* v. *Poole*, 227 Mass. 29, 36.   Compare *Sylvester* v. *New York, New Haven & Hartford Railroad, supra.*   Such statements are not competent as admissions by the principal binding upon him, in the absence of independent evidence of the authority of the alleged agent to make them (see *Deane* v. *American Glue Co.* 200 Mass. 459; *Ennis* v. *Wright*, 217 Mass. 40), and of evidence that they were brought home to the alleged principal.   See *Rolfe* v. *Tufts*, 216 Mass. 563, 566; *Popkin* v. *Goldman*, 266 Mass. 531, 535.   The testimony as to the statement of the minor defendant, however, was admitted without objection or application for restriction of its use.   No specific ruling on its competency was sought or made later, and no question with respect thereto was raised by the motion for a directed verdict. *Orpin* v. *Morrison*, 230 Mass. 529, 531, 532.   Whether or not the testimony, if objection had been made, would have been admissible for any purpose, in the circumstances of the case it was entitled to its natural probative force as tending to show by a statement of the minor defendant, but not by an admission on the part of his mother, that he was driving the automobile on an errand for her when the plain-

tiff was injured. *Damon* v. *Carrol,* 163 Mass. 404. *Hubbard* v. *Allyn,* 200 Mass. 166, 171. *Orpin* v. *Morrison, supra. Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *Peterson* v. *Meekins, Packard & Wheat Inc.* 261 Mass. 336, 339. *Diaz* v. *United States,* 223 U. S. 442, 450. No rule of substantive law precluded consideration of this testimony, as in the case of parol evidence varying a written instrument, admitted without objection. See *Mears* v. *Smith,* 199 Mass. 319, 322; *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122, 132–133; *Gethins* v. *Breeyear,* 252 Mass. 326, 327.

It follows that in both cases the defendants' exceptions must be overruled; and in the case against Ethel Powdrell the plaintiff's exceptions must be sustained, the original verdict of the jury stand and judgment be entered thereon for the plaintiff.

*So ordered.*