BEATRICE CROWLEY *vs.* RUDOLPH SWANSON.

Middlesex. March 6, 1933. — May 23, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Presumptions and burden of proof, Admitted without objection.

While incompetent evidence, once admitted without objection, need not be struck out even upon later motion, exerts its logical and natural probative force, and, if allowed to remain in the case, will be considered upon the question whether there is evidence requiring the

submission of the case to the jury, a party who succeeds in introducing it has no right to insist that it remain in the case; the trial judge may reconsider its admission and strike it out of the case provided there is no surprise nor other hardship to the party introducing it.

At the trial of an action of tort for personal injuries resulting from a collision between an automobile in which the plaintiff was riding and another caused to run into it by a third automobile alleged to have been driven by the defendant, the plaintiff at first testified that the defendant was driving the third automobile but later admitted that he knew nothing of the identity of the driver of that automobile except what had been told him by his fellow passengers, and the fellow passengers in their testimony furnished no identification. The driver of the second automobile admitted that he had no personal knowledge of what automobile struck his automobile. While hearing a motion by the defendant that a verdict be ordered in his favor, the judge, without exception by the plaintiff, said: "The plaintiff has no knowledge which car it was," and when counsel for the plaintiff replied, "Except that she heard from the officers [*sic*]," the judge rejoined, "that is not evidence." The defendant's motion was granted and the judge reported the action for determination by this court. *Held*, that

(1) The judge in effect reconsidered the admission of the testimony of the plaintiff as to the identity of the driver of the third automobile with the defendant, and struck it out of the case;

(2) In the circumstances it was not essential for the judge to instruct the jury to disregard the testimony so struck out, because the action was withdrawn from the jury;

(3) Judgment was ordered for the defendant.

TORT. Writ dated November 15, 1928.

In the Superior Court, the action was tried before *J. J. Burns*, J. Material evidence, and action by the judge at the hearing of a motion by the defendant that a verdict be ordered in his favor, are described in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*T. J. Driscoll*, for the plaintiff.

*J. E. Hannigan, W. H. Taylor, & G. E. Bruen*, for the defendant.

LUMMUS, J. At about half past nine on the evening of May 29, 1928, the plaintiff was a passenger in an automobile which was standing, headed north toward Lowell, on the easterly side of a road about twenty feet wide in Wilmington. On the westerly side, partly in an electric car

track, one Gilson was driving an automobile in the oppo-
site direction. The defendant also was on the road, oper-
ating an automobile, as will appear. In a collision of
automobiles the plaintiff was hurt. She brought this action
of tort for negligence. The trial judge, subject to the
plaintiff's exception, directed a verdict for the defendant,
and reported the case.

The evidence was unsatisfactory. The defendant testi-
fied that he was travelling north toward Lowell, that when
he saw the Gilson automobile coming he stopped, and that
then the Gilson automobile struck his automobile, kept on
to strike another behind him, and finished its course in the
car tracks, turned around so as to be headed north. The
plaintiff and her fellow passengers testified that an auto-
mobile travelling southerly at a high rate of speed behind
the Gilson automobile cut out of line, turned back into
line, struck the Gilson automobile in the rear, and drove
it across the road into the automobile in which the plaintiff
was riding. Gilson testified, reluctantly and evasively, that
his automobile was struck by another and driven into the
automobile in which the plaintiff was riding; but he finally
admitted that he had no personal knowledge of what auto-
mobile hit him.

The evidence justified a finding of negligence on the part
of the operator of an automobile travelling south in the
rear of the Gilson automobile. The real question is whether
there was evidence to identify the defendant with that
operator.

The plaintiff declared that the defendant "bumped Gil-
son's car into us and bumped Gilson across the car track."
She testified, "Swanson's car, the second car, struck the
car that struck our car." But later she admitted that she
knew nothing of the identity of the operator of the auto-
mobile that struck Gilson's automobile except what had
been told her afterwards by her fellow passengers. Her
fellow passengers, in their testimony, furnished no identi-
fication. Gilson testified at one time, "The Swanson car
struck my car," but later definitely left his testimony as
before stated, that he did not know what automobile hit

his.   His testimony thus became of no value.   *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405.   *Martin* v. *Boston Elevated Railway*, 262 Mass. 542.

The plaintiff's case upon the identity of the defendant with the operator of the automobile which, upon the evidence for the plaintiff, struck the Gilson automobile in the rear, thus rests wholly upon the plaintiff's own testimony given as a conclusion derived from hearsay.   It is true that incompetent evidence, once admitted without exception, need not be struck out even upon later motion (*Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 99; *Burke* v. *Kellough*, 235 Mass. 405, 408; *Rich* v. *Rogers*, 250 Mass. 587, 589; *Commonwealth* v. *Valentino*, 257 Mass. °419; see also *Buckley* v. *Frankel*, 262 Mass. 13, 15), exerts its logical and natural probative force, and, if allowed to remain in the case, will be considered upon the question whether there is evidence requiring the submission of the case to the jury.   *Orpin* v. *Morrison*, 230 Mass. 529, 531, 532.   *Mellet* v. *Swan*, 269 Mass. 173, 175.   *DuBois* v. *Powdrell*, 271 Mass. 394.   *MacDonald's Case*, 277 Mass. 418, 422.   See also *Johnstone* v. *Cochrane*, 231 Mass. 472.   But a party who succeeds in introducing incompetent evidence has no right to insist that it remain in the case.   The trial judge may reconsider its admission, and strike it out of the case (*Selkirk* v. *Cobb*, 13 Gray, 313; *First National Bank* v. *Home Ins. Co.* 33 Ore. 234; *Liner* v. *State*, 124 Ala. 1; see also *Allen* v. *Boston Elevated Railway*, 212 Mass. 191; *Stricker* v. *Scott*, *ante* 12,) provided there is no surprise or other hardship to the party introducing it, such as appeared in *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, and *Paine* v. *St. Paul Union Stockyards Co.* 28 Fed. Rep. (2d) 463.   This the judge did in effect, without exception, while the defendant's motion for a directed verdict was being discussed.   The judge said, "The plaintiff has no knowledge which car it was," and when counsel for the plaintiff replied, "Except that she heard from the officers [*sic*]," the judge rejoined, "that is not evidence." It is plain that the verdict was directed upon the footing that the testimony in question was out of the case.   No suggestion was made or is made that any further evidence

upon the point existed, which the plaintiff could have presented had the exclusion come earlier in the case. Under the circumstances it was not essential for the judge to instruct the jury to disregard the testimony in question, for the case was withdrawn from the jury.

*Judgment for the defendant.*