*Municipal Court of the City of Boston*

No. 354439

## ALDO A. NAPOLITANO

v.

## ROBERT H. HOMER

(June 9, 1954)

*Fox, J.* This is an action of tort in which the plaintiff seeks to recover for damages to his property as the result of the negligence of the defendant. The answer was a general denial and an allegation of contributory negligence.

The plaintiff was the only witness and his testimony was the only evidence. He testified, so far as material, that on the date of the accident, he owned the property at 1816 River Street, Hyde Park, Massachusetts; that it had originally been owned by his father who died July 14, 1950; that his mother had died prior to July, 1950, and that he had three brothers; that on January 25, 1951, the plaintiff heard a squeal of brakes and a crash which shook the house on the front of the property, in which he resided; that upon investigating the cause of the noise, the plaintiff found an automobile upon the front lawn of his house, thirty-two (32) feet upon the property, with a man in the driver's seat whom he recognized and knew as Robert H. Homer, the defendant; that the car was smashed, had to be towed away; that the concrete abutments were broken; and that there were tire marks forty (40) feet over the

sidewalk across the broken abutments leading to the rear wheels of the car; that six (6) iron fence posts were broken in the path of the tracks; that a concrete slab in the wall was broken and some hedges were rooted and broken; that some flying fragments of the fence posts had smashed two front windows of the house; that there was a two inch (2″) deep scar upon a tree ten inches (10″) by eight inches (8″) in area where the bark was missing and that other pieces of bark were missing.

The defendant requested the following rulings:-

1. There is no evidence of negligence on the part of the defendant.

2. The plaintiff may not recover upon his declaration without proof of negligence on the part of the defendant.

3. There is no evidence of the identity of the defendant.

4. The plaintiff may not recover, as he is not the proper party to bring suit in this instant matter.

5. One of several joint owners of property may not recover for negligence where the property has been damaged without joining as plaintiffs all the owners of the property.

The Court denied all of the foregoing requests and found for the plaintiff in the amount of $500.00 and made the following specific findings:—

"I find on the facts that the defendant drove his motor vehicle across the sidewalk on River Street and travelled 40′ through three concrete abutments, knocked down six posts (iron), crossed the lawn, a walk, and then over more of the lawn and struck a tree, knocking off several sections of the bark, one piece 10″ by 8″ and 2″ deep, uprooted two sections of hedges on the way, caused fragments of cement to be hurled through the air at two windows of house set back beyond the 40′ car travelled, I conclude therefrom that the defendant was travelling at excessive speed and was also negligent in crossing sidewalk."

The case is here on report of the defendant's claim that he was aggrieved by the denial of his requests number 1, 2, 3, 4 and 5.

There was no error in the denial of the defendant's first and second requests for rulings. The evidence as to the motor vehicle's leaving the highway and crossing the sidewalk, as to the force with which it struck the abutments, fence and trees on the plaintiff's property, as to the damage it caused and sustained, and as to the distance it travelled before coming to rest, fully warranted the finding of the trial judge that it was travelling at excessive speed and that the operator was negligent. *Gangi v. The Adley Express Co., Inc.*, 318 Mass. 762; *Byrne v. The Great Atlantic and Pacific Tea Co.*, 269 Mass. 130.

The defendant's third request for a ruling was rightly denied. The plaintiff testified that he saw the operator of the motor vehicle which caused the damage to his property and recognized and knew him as Robert H. Homer, the defendant. In the light of that evidence, this is not a case where reliance is placed solely upon similarity of names, and the cases of *Herman v. Fine*, 314 Mass. 67 and *Crowley v. Swanson*, 283 Mass. 82, have no application. The trial judge could properly find that the defendant was adequately identified by the plaintiff. *C. v. Dow*, 12 Gray 133. See *Vieira v. Balsamo*, 328 Mass. 37; *Ayers v. Ratshesky*, 213 Mass. 589.

The defendant's fourth and fifth requests were properly denied. The plaintiff testified without objection that he was the owner of the property. Presuming that that testimony might have been excluded, if proper objection had been made, it having been admitted without objection, it was to be weighed with the other evidence and was entitled to its probative force. *Mahoney v. Harley Private Hospital, Inc.*, 279 Mass. 96, 100; *Dubois v. Powdrell*, 271 Mass. 394, 398; *Peterson v. Meekins, Packard and Wheat, Inc.*, 261 Mass. 336, 339. From this evidence,

together with the evidence that the plaintiff was in possession of the premises, the court could properly find that the plaintiff was the owner of the property. That being so, the trial judge could not be required to rule that the plaintiff was only one of several joint owners of the property, and since that would be the effect of requested rulings numbered 4 and 5, there was no error in their denial.

Even if the plaintiff were one of several joint owners, he would be a proper party to bring suit in the matter and could recover. *G. L., Chapt.* 231, § 3. *Barnes v. City of Springfield,* 268 Mass. 497, 513. In any event, as was ruled by the trial judge, nonjoinder of a joint-owner in an action of tort, could be taken advantage of only by an answer in abatement. Cf. *Barnes v. City of Springfield, supra.* See *Sherman v. Fall River Iron Works Co.* 5 Allen 213.

*Report dismissed.*

Jones, Nash & Birmingham, for the plaintiff.
Norman P. Mamber, for the defendant.