## No. 5668

**PAUL C. SAVAGE, ppa**

v.

**METROPOLITAN TRANSIT AUTHORITY**

Jan. 21, 1963

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Brooks*, J. in the First District Court of Eastern Middlesex (Malden). No. 718 of 1960.

Argued: —————— Decided: ——————

*Parker, J.* This is an action of tort brought for the plaintiff, a minor by his father, *ppa.* The declaration is in one count and seeks

recovery for personal injuries resulting from the negligence of the agent of the defendant in the operation of a trackless trolley, causing the trolley to strike the plaintiff, a pedestrian on the sidewalk of Broadway, a public highway in the city of Everett. The defendant duly filed 6 requests for rulings of which the court denied ♯♯1, 2, 6, and made the following finding:

"Plaintiff was walking along the sidewalk opposite defendant's car-house and land when a snowball or call from another boy caused him to turn around just as defendant's trolley bus came up behind him as it crossed the sidewalk, hitting him and knocking him to the ground. I find the plaintiff [was] in the exercise of due care and defendant operator [was] negligent. While requests 3, 4, and 5 are correct statements of law, they are not based on the facts found."

The defendant claimed to be aggrieved by the denial of its requests ♯♯1, 2, and 6, and by the findings of the court and requested a report.

Requests ♯1 and 2 were as follows:

1. If the court finds that the plaintiff did not see the trolley before the accident, then he is guilty of contributory negligence and cannot recover.

2. If the court finds that the plaintiff saw the trolley only at the moment of the occurrence of the accident and at no other time prior thereto, then he is guilty of contributory negligence and cannot recover.

These two requests raise the same question of law, namely, does the fact that the plaintiff failed to see the trolley before the moment of the occurrence of the accident as a matter of law bar his recovery.

[■] It cannot be held as a matter of law that a plaintiff is guilty of contributory negligence because he did not see an automobile or a trolley car before he was hit and injured. Whether or not he is negligent in failing to see the trolley or automobile depends on the facts found by the jury or by the trial judge as a fact finder. The negligence of a person who did not see an automobile or trolley before being hit depends upon consideration of all facts in the case and does not by itself, as a matter of law, require a finding that the plaintiff was guilty of contributory negligence. *Noyes v. Whiting,* 289 Mass. 270; *Barrett v. Checker Taxi Co.,* 263 Mass. 252, 254; *Davicki v. Flanagan,* 250 Mass. 379, 381; *Sarmento v. Vance,* 231 Mass. 310, 312; *French v. Movar,* 226 Mass. 173, 174.

We find no error in the denial of these requests.

The 6th request was:

"That the defendant's operator was not negligent and a finding for the defendant is warranted."

[■] While this request might be interpreted as combining a request for two rulings; one, that the defendant's operator was not negligent as a matter of law, and two, that a finding for the defendant was warranted, it seems apparent that the court found that

the defendant's operator was negligent and therefore a finding for the defendant was not warranted.

The evidence was conflicting, but on the evidence, most favorable to the plaintiff, it could have been found that the plaintiff, a boy of ten years, on Sunday, 29 November 1959, at about 10:15 A.M., was on the sidewalk of Broadway in Everett. He was walking home from church. The defendant's trackless trolleys move across the sidewalk from the defendant's yard on to Broadway at the location where the boy was. Snowballs were being thrown. The plaintiff threw a snowball and made a reverse turn to his right, and the defendant's trackless trolley bumped his knee and knocked him down, causing his injuries. He did not see the trolley prior to the time he turned to his right, after throwing the snowball. A picture of the locus was put in evidence and is a part of the report. The overhead trolley wires cross over the sidewalk and two poles support these wires. The evidence does not show that the poles obstruct the view of the sidewalk where the trolleys cross it, nor that there was anything to obstruct the operator's view of the sidewalk, and there was no evidence that his view was obstructed.

On this evidence, that the trial judge could find that the defendant's operator was negligent, and so find for the plaintiff. On the evidence reported, certainly it could not be held as a matter of law that the defendant

was not negligent. Whether he was negligent or not was a question of fact to be decided on the evidence by the finder of the facts. *Thomas v. Spinney,* 310 Mass. 749; *White v. Checker Taxi Co.,* 284 Mass. 73; *Cairney v. Cook,* 266 Mass. 279.

· We find no error in the denial of the defendant's 6th Request for Ruling. *Report is to be dismissed.*

Albert E. Morris, of Everett, for the Plaintiff.
Mario J. Lucchesi, of Boston, for the Defendant.