PROVIDENCE TOOL COMPANY *vs.* UNITED STATES MANUFACT-
URING COMPANY.

Suffolk. Nov. 10, 1875. — March 2, 1876. ENDICOTT & LORD, JJ., absent.

In an action against a corporation upon a promissory note made in its name by " G.
F., treasurer," the issue was whether it was the note of the corporation; and
the defendant having called G. F. as a witness, was allowed to ask him, against
the plaintiff's objection, whether or not he had authority to make this note as
treasurer of the defendant company. *Held,* that the question was inadmissible.

CONTRACT upon a promissory note, dated Boston, August 1,
1873, payable to the plaintiff three months after date and
signed : " U. S. Manfg. Co., Geo. H. Fox, Treas."

At the trial in the Superior Court, before *Bacon,* J., the de-
fendant offered as a witness George H. Fox, its treasurer, who
made the promissory note declared upon, and asked him the fol-
lowing question : " whether or not he had authority to make this
note as treasurer of the defendant company?" referring to the
note in issue. The judge, against the plaintiff's objection that
the question called for a conclusion of law and not of fact, al-
lowed the witness to answer. He said " he had not."

It appeared in evidence that the defendant company after its
organization rarely held meetings of its directors or officers, and
that said Fox was treasurer, general agent and manager of the
defendant company and acted in discharge of his duties in ac-
cordance with his own judgment, only occasionally consulting
any of the other officers.

The defendant contended that the note in issue was made as
the note of Fox and one Bacon, copartners, who had been doing
business from March, 1872, to November, 1872, under the name
of the United States Manufacturing Company, and signing their
notes " U. S. Manfg. Co., George H. Fox, treasurer ; " that on
November 1, 1872, the defendant corporation was organized ;
that the same name was used by Fox and Bacon in closing up
their business, and this note was given in so doing. The de-
fendant also contended and offered evidence tending to prove,
that the plaintiff had actual and express notice of all these facts,
and dealt with Fox and Bacon down to November 1, 1872, and

with the defendant after that date, all of which the plaintiff denied, and offered evidence tending to prove such denials. It appeared in evidence that the defendant corporation bought the assets and good will of Fox and Bacon, and continued their business ; and the principal officers and stockholders of the defendant corporation knew that the business had been carried on previously, and up to its organization, in the name of the United States Manufacturing Co.

The plaintiff asked the judge to rule that the defendant, taking the name under which Fox and Bacon had done business up to the time of its organization, with full knowledge thereof on the part of its organizers, officers and stockholders, was estopped from setting up the existence of Fox & Bacon as a separate company, which the judge refused to do ; to this refusal to so rule, and to the admission of the evidence aforesaid the plaintiff excepted.

Among other instructions, to which no exceptions were taken, the judge instructed the jury as follows : "1. If Fox was the general agent as well as treasurer of the defendant corporation, and the directors did not hold meetings for the purpose of directing the affairs of the corporation, but permitted Fox, as general agent to transact the business under such circumstances, Fox could pay the debt of the company existing at the time of the defendant's organization by giving the note of the defendant if he considered it for the interest of the defendant to do so, and if he so paid such debt, and upon such payment the plaintiff released its claim upon such company, that would be a sufficient consideration for such note.

" 2. If the defendant assumed the name of a company existing up to the time of its organization, and after such organization took the business of said company, and continued to carry it on under the name of said company, the defendant thereby made itself liable upon notes given in such common name, to parties who, in good faith, and without notice of any change, took such notes in payment of their claims against such company existing at the time of the organization of the defendant corporation, although said notes were given after the organization of the defendant corporation."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Herrick,* for the plaintiff.

*O. Stevens,* for the defendant.

AMES, J. The plaintiff's case depended entirely on the validity of the promissory note, which Fox had assumed to give in the character and capacity of treasurer of the defendant company. Whether he had authority to do so was a vital question. We must assume that the inquiry put to him did not relate to any express authority to sign that specific note. If that had been its meaning, the objection that it called for the witness's opinion upon a point of law would hardly have been raised, or if raised, it would have been obviated by a change in the form of the question. But, however that may be, it is obvious from this bill of exceptions that his answer might have been his conclusion as to the law of the case. Authority to do such an act might be proved by circumstantial evidence, and his answer may have been a mere expression of his own opinion as to the sufficiency of the evidence. All that could properly be obtained from him were the facts by which the inference of authority was to be supported or repelled, and it was for the counsel to argue, and for the jury to find, under the instructions of the court, whether the facts so given proved that he had the authority which he denied. This question is fully discussed in *Short Mountain Coal Co.* v. *Hardy,* 114 Mass. 197, in the judgment by Mr. Justice Colt, and is disposed of in that case. *Exceptions sustained.*