COMMONWEALTH *vs.* TIMOTHY CLEARY.

Essex.    November 5, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence — Husband and Wife — Private Conversations.*

Under the Pub. Sts. c. 169, § 18, cl. 1, a husband charged with crime cannot prove in defence the effect of private conversations between his wife and himself.

At the trial, on appeal, of a complaint for keeping, with intent unlawfully to sell the same, intoxicating liquors, which the defendant contended were his wife's

property, evidence of the defendant's acts after the liquors were seized and after the trial below, showing that he was opposed to her owning intoxicating liquors, is inadmissible.

Two COMPLAINTS, charging the defendant with keeping intoxicating liquors with intent unlawfully to sell the same. At the trial in the Superior Court, on appeal, before *Dewey*, J., the government offered evidence of two seizures of intoxicating liquors upon the premises occupied by the defendant's family. The defendant, who offered evidence that his wife owned the premises and the liquors, and that she had sold liquor in his absence and without his knowledge, contended that he had used his best endeavors to prevent his wife from having or selling any liquor, and offered to show that before the seizures he had talked with her privately, and forbidden her to have any liquors in her possession. The judge excluded this conversation. The defendant then offered to show by his wife, without asking her to testify to any language used at the time of the conversation excluded, that the defendant showed to her that he was opposed and objected at this time to his wife owning and having intoxicating liquor. The judge excluded the evidence, and the defendant excepted. The judge admitted any evidence of any acts of the defendant, or of any conversations with or directions to his wife, in the presence of third persons.

The defendant further offered to show that three weeks after the last seizure, and after the trial in the lower court, he found liquor upon the premises belonging to his wife, and that he threw it out of the house, in doing which he had a contest with his wife ; and that he was afterwards arrested upon her complaint for an assault upon her. The judge excluded this evidence, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. A. Pew, Jr.*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. 1. The defendant's offer to prove by his wife that he showed her that he was opposed to her owning and having intoxicating liquors, was allowed by the presiding judge so far as it related to acts. So far as it related to the effect of private

conversations between the two, the only legal way of proving this was by proving the substance of the words spoken. As the defendant was not at liberty to prove the latter, he could not prove the former. Pub. Sts. c. 169, § 18, cl. 1.

2. Evidence of the defendant's acts after the last seizure was inadmissible. He could not make evidence for himself in that way.                                        *Exceptions overruled.*