ELIZABETH A. HYDE *vs.* SAMUEL GANNETT & another, executors.

Suffolk.   December 14, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Evidence — Private Conversations between Husband and Wife — Statute.*

The St. of 1896, c. 445, entitled "An Act relative to evidence in actions against the estates of deceased persons," does not repeal the law as it previously stood as to private conversations between husband and wife.

CONTRACT, for services as custodian of a house of the defendants' testator, Edward L. Pierce. Trial in the Superior Court, before *Gaskill*, J., who allowed a bill of exceptions, in substance as follows.

After the plaintiff had testified as to her contract with the defendants' testator made on January 18, 1897, and the following entry from the testator's diary of the same date had been put in, "Mrs. Hyde came to my brother's Dorchester house to be its custodian. No rent, wood, and coal to be supplied by me," the defendants' counsel, relying on St. 1896, c. 445, entitled "An Act relative to evidence in actions against the estates of deceased persons," asked the testator's widow the following question: "Whether or not, subsequently to that, Mr. Pierce made any

statement to you in reference to the arrangement which he had made with Mrs. Hyde?" And the plaintiff's counsel objected. The judge sustained the objection and excluded the question upon the statement by the defendants' counsel that the conversation was had when no other person was present. The defendants' counsel then stated to the court that the answer which he expected to the question was that the testator stated in the conversation that the terms upon which the plaintiff was engaged as custodian were the same as were shown by the entry in the testator's diary.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions. .

*A. R. Tisdale*, for the defendants.

*D. W. Reid*, for the plaintiff.

MORTON, J. The statement of the defendants' testator contained in the extract from his diary was already in evidence when the conversation between him and his wife was offered and excluded. In view of that fact it may be doubtful whether the defendants suffered any injury by the exclusion of testimony tending to show that their testator had made the same statement to his wife. But we think that the ruling was right on the ground on which it was evidently put, namely, that the evidence related to a private conversation between husband and wife. St. 1896, c. 445, on which the defendants rely, is to be construed, we think, as removing, under the circumstances therein provided for, the objection to the admissibility of certain testimony relating to the deceased, and as authorizing the admission of such testimony when but for the objection thus removed it would have been incompetent according to the settled rules of evidence, statutory and otherwise. At common law private conversations between husband and wife are inadmissible, and the statute making husband and wife competent as witnesses expressly recognizes this rule. Pub. Sts. c. 169, § 18, cl. 1. *Dexter v. Booth,* 2 Allen, 559. 19 Am. & Eng. Encyc. of Law, 152. We cannot think that the Legislature, without referring in any way to it, intended by the passage of St. 1896, c. 445, to repeal the law as it previously stood in this particular.

*Exceptions overruled.*