DANA L. FULLER *vs.* JOSEPHINE E. M. FULLER.
JOSEPHINE E. M. FULLER *vs.* DANA L. FULLER.

Worcester.    October 3, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Libel for Divorce — Desertion — Conversations between Husband and Wife.*

At the trial of a libel for divorce for desertion, a conversation between the parties, no one else being present and there being no abuse, threat, or assault, in which the husband asks the wife to return home, and she says she cannot go back and live with his family, is a private conversation within the meaning of Pub. Sts. c. 169, § 18, cl. 1, and is therefore inadmissible.

TWO LIBELS FOR DIVORCE upon the ground of desertion. Trial in the Superior Court, before *Lawton,* J., who granted a divorce upon the libel of Dana L. Fuller, and dismissed that of Josephine E. M. Fuller; and she alleged exceptions, in substance as follows.

The parties were married on November 28, 1894. At that time Fuller, who was a widower, lived with his three daughters and his sister at his home in Fitchburg. To this house he brought his wife, and she lived with him there until May 3, 1895, when she removed her effects to the Fitchburg Hotel.

Fuller, who testified as a witness, was asked upon his examination in chief concerning a visit which he made to his wife after she had gone to the Fitchburg Hotel on May 3. He was asked: " *Q.* No one else present when you had the conversation with your wife on May 3d at the Fitchburg Hotel? *A.* No, sir. — *Q.* Did you ask her to return to your home? *A.* I did." These questions and answers were admitted under objection and exception of Mrs. Fuller. The witness was then asked: " *Q.* Did she consent or refuse? *A.* She said she would not come and live with my family."

*F. B. Smith, (F. F. Dresser* with him,) for Josephine E. M. Fuller.

*H. Parker,* for Dana L. Fuller.

HAMMOND, J.    The exception to the admission of the evidence of the husband as to the conversation between him and

his wife at the hotel on the day she left his house must be sustained.

While it is true, as said in *French* v. *French*, 14 Gray, 186, 188, that the word " conversation " in the statute does not include all language between husband and wife, still it must be held to include the language in this case. Here there was no abuse, no threat, no assault. It was a plain case of a conversation between husband and wife, and even if, as contended by the counsel for the husband, it was a conversation which accompanied and explained the act of the wife in going to the hotel, and her mental attitude in that act, still it was within the prohibition of the statute. The fact that the conversation accompanies and explains the act is not sufficient to take it out of the operation of the rule. *Jacobs* v. *Hesler*, 113 Mass. 157. See further, as to the application of the statute, *Raynes* v. *Bennett*, 114 Mass. 424, 427 ; *Drew* v. *Tarbell*, 117 Mass. 90 ; *Commonwealth* v. *Cleary*, 152 Mass. 491 ; *Lyon* v. *Prouty*, 154 Mass. 488. In the latter case, where the nature of the conversation was much like that in the present case, the evidence was admitted on the ground that some one else was present.

It is contended, however, by the counsel for the husband that the exception at the trial was taken to the first question and answer only, and that there was nothing prejudicial to the wife in that answer. Assuming, without deciding, that this contention as to the scope of the exception is correct, we think the answer to the first question was of a nature prejudicial to the wife. It was not in dispute that the wife left the house of her husband and went to the hotel, but it was in dispute whether that was by the acquiescence of the husband, and whether she intended not to return. Whether she intended to return and whether her husband desired her return were very material facts. It is clear that upon those issues the statement of the husband that he asked his wife to return, when taken in connection with the undisputed fact that she did not return, might have a very important bearing prejudicial to the wife.

Since the exceptions to this evidence must be sustained, it is unnecessary to pass upon the other questions raised.

*Exceptions sustained.*