ARTHUR S. LELAND & another *vs.* VIRGINIA L. CONVERSE.

Suffolk.    March 24, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil,* Exceptions. *Evidence,* Materiality, Conversations between husband and wife.

The exclusion of a question is no ground for exception if there is nothing to show what the answer would have been, or if the testimony which it was intended to bring out was in fact brought out by the next question.

In an action by brokers against a married woman for a balance alleged to be due on account of the purchase and sale by them for her of certain stocks, where the defence is that the transactions were those not of the defendant but of her husband, the defendant cannot be asked whether the purchase of any of the stocks was in accordance with her wishes, since her intention is not in issue and therefore her undisclosed wishes are immaterial.

In an action by brokers against a married woman for a balance alleged to be due on account of the purchase and sale by them for her of certain stocks, the defence was that the transactions were those not of the defendant but of her husband. The defendant was allowed to introduce evidence that she had authorized no one other than her husband to purchase stocks for her. She then wished to show, that, while she had had conversations with her husband in regard to the stocks, she had not authorized him to purchase them for her, and that he was not her agent. There was no offer to show that any third person was present at any conversation between her and her husband. The evidence was excluded. *Held,* that the exclusion was right. The effect of allowing the evidence would have been to enable the defendant to give either her construction of or the result of conversations between her and her husband, inadmissible under Pub. Sts. c. 169, § 18, cl. 1. R. L. c. 175, § 20, cl. 1.

CONTRACT for a balance of $11,711.74 alleged to be due on account of the purchase and sale of certain stocks by the plaintiffs for the account of the defendant. Writ dated February 5, 1894.

At the trial in the Superior Court before *Richardson,* J., the jury returned a verdict for the plaintiffs in the sum of $13,417.83; and the defendant alleged exceptions.

*O. O. Partridge,* for the defendant.

*R. M. Morse,* for the plaintiffs.

MORTON, J.    This is an action of contract to recover of the defendant a balance alleged to be due the plaintiffs on account of the purchase and sale by them, as brokers, for her, of certain

stocks. There was a verdict for the plaintiffs, and the case is here upon exceptions by the defendant to the exclusion of certain evidence that was offered by her, and to a ruling by the presiding judge that the wagering contracts act (St. 1890, c. 437,) did not apply to the action, and to his refusal to give an instruction asked for by the defendant based upon the applicability of that statute to the case at bar. The last two exceptions have been waived and the exceptions insisted upon relate solely to the matters of evidence.

The defence was that the transactions were between the plaintiffs and the defendant's husband, and that certain bonds belonging to the defendant, which were given to the plaintiffs as collateral security, were lent by her to her husband. The first exception was to the exclusion of a question to the defendant as to what she did as the result of a conversation with her husband after one of the plaintiffs had been to their home. It does not appear what the answer would have been, and for that reason, if for no other, the exception must be overruled. It is possible, moreover, that the testimony which it was intended to bring out was brought out in the answer to the following question; and if so no harm could possibly have been done by the exclusion of the question. Another exception related to the exclusion of a question to the defendant whether the purchase of any of the stocks was in accordance with her wishes. The intention of the defendant was not an issue in the case and her undisclosed wishes were therefore incompetent and immaterial. *Tallant* v. *Stedman,* 176 Mass. 460, 466. This exception also must be overruled. The remaining exceptions relate to whether the defendant authorized any person to buy stock for her and to questions as to her purpose in delivering the bonds to her husband. Even if it be assumed that some of the questions were competent, which we do not intimate, it is difficult to see how the defendant could have been harmed by their exclusion. The utmost that can be said is that if admitted they might have made a little plainer what was already apparent from her testimony and that of her husband, that they denied that she had purchased or authorized the purchase of any of the stocks, and took the position that the transactions were between the plaintiffs and her husband. She was permitted to testify, and did testify, without

objection, " that she did not consider it was her business " that " she supposed it was his [her husband's] business," and that " she had no interest in the account except such as a wife would naturally have in the business of her husband." The husband testified amongst other things that " he personally ordered for himself, and not for his wife, all the stocks which were purchased and the sale of all which were sold," and that he told the member of the firm with whom the transactions were had that " he had no money or securities to put up as margin, but if he purchased the stocks he would have to borrow from his wife."

But we do not think that there was any error in the exclusion of the evidence. It is manifest from the nature of the defence that the tendency of it would or might be to bring in private conversations between the defendant and her husband, and it is apparent that the presiding judge excluded the questions that were put because he was of opinion that such would be their effect. The defendant was allowed to introduce evidence that she had authorized no one else to purchase stocks for her, and would have been allowed to show that she had had no conversation with her husband in regard to the purchase of the stocks in question. But she wanted to go further and to show in effect that while she had had conversations with her husband in regard to the purchase of the stocks she had not authorized him to purchase them for her, that he was not her agent, and that her purpose in letting him have the bonds was to make a loan of them to him. There was no offer to show that any third person was present at any conversation between her and her husband, and, without going over the questions in detail, it seems to us, that the effect would have been, if they had been allowed to be put, to enable her either to give her construction of or the results of conversations between her and her husband which were not in themselves admissible and therefore that the questions were rightly excluded. *Providence Tool Co.* v. *United States Manuf. Co.* 120 Mass. 35. *Brown* v. *Wood,* 121 Mass. 137. *Commonwealth* v. *Cleary,* 152 Mass. 491. *Hyde* v. *Gannett,* 175 Mass. 177. *Fuller* v. *Fuller,* 177 Mass. 184.

*Exceptions overruled.*