COMMONWEALTH *vs.* HENRY W. BERRY COMPANY.

Middlesex.   May 24, 1926. — June 28, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Competency, Of duties of corporate officer. *Corporation,* Officers and agents.

At the trial of a complaint against a corporation, statements by a police officer, that a certain person with whom he had a conversation was the president and that another person was the manager of the corporation, are not admissible, such statements being merely conclusions of the witness and not statements of fact.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on March 24, 1925.

On appeal to the Superior Court, the complaint was tried before *Marden,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*H. F. R. Dolan & P. A. Northrup,* for the defendant.

*A. K. Reading,* District Attorney, & *S. H. Lewis,* Assistant District Attorney, for the Commonwealth.

CARROLL, J.   The defendant was charged with the violation of G. L. c. 140, §§ 54 and 55.

Section 54 directs that cities and towns, by ordinance or by law, may provide for licensing of proper persons to be dealers in second hand articles; § 55 provides a penalty for selling such articles without a license.

A police officer, a witness for the Commonwealth, was asked "Whether or not that morning you had a conversation with any officer of the corporation," and answered, "I did with Mr. Saltman." He was then asked "What is his official connection?" The witness replied that Mr. Saltman was the president. These questions were excepted to by the defendant. Subject to the defendant's exception, in response to a question, the witness was allowed to testify to conversations with Saltman showing the nature and extent of the business carried on and that the defendant dealt in second hand goods. The witness was then asked, "What conversation did you have with the manager of the Henry W. Berry Company within the hearing of Mr. Saltman?" Against the exception of the defendant, the witness was allowed to state the conversation which, the Commonwealth claimed, tended to show that the defendant conducted a second hand business. There was further testimony of a similar kind to which the defendant excepted.

This evidence was inadmissible. The statement that Saltman was president and that the witness talked with the defendant's manager was a statement merely of the conclusions of the witness. It was not a statement of fact. *Providence Tool Co.* v. *United States Manuf. Co.* 120 Mass. 35. *Beaucage* v. *Mercer,* 206 Mass. 492. In *Beaucage* v. *Mercer, supra,* at page 500, it was said: "The question put to the witness Revort was also properly excluded. His idea of the scope of the agency of Eagen is not shown to have been derived from any other source than his knowledge of what he had seen Eagen do; and while the plaintiffs were entitled to have him tell what he had seen Eagen do, they were not entitled to have him state the inference he drew therefrom as to the scope of the agency. It was for the jury and not for him to draw the inferences." This evidence in the case

at bar should have been excluded; the defendant was prejudiced by its admission and its exception must be sustained.

As the exceptions must be sustained for the reasons stated, we have not thought it necessary to consider the other questions argued, including the question of the city ordinance, as to which see *O'Brien* v. *Woburn*, 184 Mass. 598; *Rogers* v. *Abbott*, 248 Mass. 220.

*Exceptions sustained.*