RALPH TEMPLE JACKSON *vs.* COLONIAL PROVISION COMPANY, INC.

Suffolk.   May 15, 1941. — June 28, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Agency*, Scope of authority or employment. *Corporation*, Officers and agents. *Notice*.

Notice to an architect of lack of authority in the president of a corporation to hire him to do work for it was not shown by the mere fact that during the performance of such work he requested of the president payment of a certain sum and the president replied that he could not pay it "without taking it up with . . . [his] directors."

Testimony by the president of a corporation, admitted without objection, that he "conducted" "the negotiations . . . on behalf of" the corporation "with regard to" certain property which he hired an architect to remodel as a new place of business for the corporation, warranted a finding that such hiring was by its authority.

CONTRACT. Writ in the Superior Court dated January 13, 1937.

The action was tried before *Williams*, J.

*G. L. Rabb,* (*C. P. Hughes, Jr.,* with him,) for the defendant.

*R. B. Owen,* for the plaintiff.

LUMMUS, J. This is an action brought by an architect to recover $12,980 for work and labor. The second count was upon an account annexed. There was a verdict for the plaintiff for $5,200 on that count. The defendant excepted to the denial of a motion for a directed verdict in its favor, and to the denial of a motion for the entry of a verdict in its favor under leave reserved. There was evidence warranting a finding of the following facts.

The defendant, in 1933 and 1934, was a corporation engaged in Boston in the business of smoking and packing meat products, and Sidney H. Rabinowitz was its president. What his powers were under the by-laws and votes of the defendant did not appear. It did not appear who the other officers were. Some of the background of the case appears in *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39.

The defendant desired to procure and move into a new building. In February, 1933, the plaintiff saw Rabinowitz, who told him that the defendant wished to get the Roberts Candy Company building and some additional land on Ferry and Cross streets in Boston, and that if the plaintiff could get a contractor to construct the building, and finance it, the plaintiff would have the job as architect. The plaintiff examined the property and made drawings and plans of the proposed remodeling, conferring with Rabinowitz from time to time. He also conferred with George A. Fuller Company, a contractor, and reported to Rabinowitz that that company was ready to go through with the job. Later the plaintiff learned that Rabinowitz was getting figures from other contractors, and asked him for $1,000. Rabinowitz said, "I can't pay you $1,000 without taking it up with my directors." But he said, "I want you to be the architect and look after my interest, whoever does the work." The plaintiff answered that that was all right, "I will go ahead and carry the plans along." After that it could be found that the plaintiff's compensation was no longer to be dependent upon his getting a contractor to finance the building.

The plaintiff continued to work on the job for more than a year, conferring with Rabinowitz from time to time. As late as August, 1934, Rabinowitz wished to have certain arrangements changed in the smoking room and to get two draftsmen who knew the requirements of the department of animal industry for the purpose. Their services would cost about $400, and the plaintiff agreed to the proposal of Rabinowitz that their compensation be taken out of the plaintiff's commission. Rabinowitz asked the plaintiff to do nothing more but to wait until he heard from Rabinowitz. Rabinowitz never communicated with the plaintiff again, and the plaintiff was unable to reach Rabinowitz when he tried to do so about the first of October, 1934. By that time he knew that he was no longer employed.

The fact that Rabinowitz refused to pay the plaintiff $1,000 without taking the matter up with the directors was not notice to the plaintiff that he had no right to hire the plaintiff. It may have meant merely that the debt could not be liquidated or satisfied without the concurrence of the directors. But the evidence of the authority of Rabinowitz to contract with the plaintiff is scanty. The providing of a new place of business and the remodeling of it was not an incident to the defendant's regular business. *James F. Monaghan Inc.* v. *M. Lowenstein & Sons Inc.* 290 Mass. 331. *Stoneman* v. *Fox Film Corp.* 295 Mass. 419, 425. *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531.

The only evidence of authority is found in the testimony of Rabinowitz himself. He was asked, "Did you conduct the negotiations which were conducted on behalf of the Colonial Provision Company with regard to the property down on Ferry Street." He answered, "Yes." It could be found that the "negotiations" included the hiring of the plaintiff. The defendant argues that the answer meant merely that Rabinowitz conducted negotiations, not that he conducted them with authority. But the jury could take it that "negotiations . . . conducted on behalf" of the defendant meant negotiations conducted with its authority. This was testimony, not a declaration out of court (*Segal* v. *Allied Mutuals Liability Ins. Co.* 285 Mass. 106, 109),

and cases like *DuBois* v. *Powdrell*, 271 Mass. 394, 397, *Treasurer & Receiver General* v. *Macdale Warehouse Co.* 262 Mass. 588, 592, 593, and *Morrison* v. *Tremont Trust Co.* 252 Mass. 383, 388, have no application. It is true that the question would doubtless have been excluded upon objection as one calling for a conclusion of law upon unstated facts. *Short Mountain Coal Co.* v. *Hardy*, 114 Mass. 197, 213. *Providence Tool Co.* v. *United States Manuf. Co.* 120 Mass. 35. *Leland* v. *Converse*, 181 Mass. 487, 489. *Beaucage* v. *Mercer*, 206 Mass. 492, 500. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 197. *Commonwealth* v. *Henry W. Berry Co.* 256 Mass. 491. But there was no objection, and the testimony was admitted. It was as much evidence of the fact as though no objection lay to its admission. *Orpin* v. *Morrison*, 230 Mass. 529, 531, 532. *Crowley* v. *Swanson*, 283 Mass. 82, 85. *Solomon* v. *Dabrowski*, 295 Mass. 358. *Blackman* v. *Coffin*, 300 Mass. 432, 437. It constituted sufficient evidence of agency to take the case to the jury.

*Exceptions overruled.*