# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

ALICE B. GLOVER *vs.* JAMES MITCHELL
(and three companion cases [1]).

Middlesex.   October 3, 1945. — January 2, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Price Control.   Constitutional Law*, Price control.   *Particeps Criminis.
Evidence*, Of regulation, Judicial notice.

The Federal emergency price control act of 1942 is constitutional.
A housewife, who, in purchasing meat at retail, was charged and paid
more than the maximum price prescribed by a regulation of the Office
of Price Administration under the Federal emergency price control
act of 1942, but who was not shown to have made the purchase for
the purpose of entrapping the storekeeper in a violation of the regu-
lation or even to have known that the sale was in violation thereof,
was not barred from recovery against the storekeeper under § 205 (e)
of the act on the ground that she had participated in the violation.
Discussion by LUMMUS, J., as to judicial notice of regulations lawfully
made by a Federal agency.
Although the text of a regulation fixing maximum prices made by the
Office of Price Administration under the Federal emergency price
control act of 1942 was not before the trial court in an action against
a retail storekeeper by an alleged overcharged purchaser of meat under
§ 205 (e) of the act, a finding of the existence of the regulation and as
to its nature might properly be made upon testimony by the defend-
ant, admitted without objection, that "he was subject to the regula-
tions of the OPA" and that the "ceiling price" for the meat was a
certain amount.

---

[1] The three companion cases are those brought against the same defendant,
one by the same plaintiff, and the other two by Florence O. Sheppard.

FOUR ACTIONS OF CONTRACT. Writs in the Superior Court dated September 20, 1943.

The actions were heard by *Brogna, J.* The defendant testified that "on September 4 and 11, 1943, he was subject to the regulations of the OPA."

In his brief before this court the defendant argued that the Federal emergency price control act of 1942 was unconstitutional.

*M. Rosenthal,* for the defendant.

*R. A. Shea,* for the plaintiff.

*W. B. Sleigh, Jr.,* by leave of court, submitted a brief as amicus curiae.

LUMMUS, J. These cases were brought in the Superior Court by two housewives who purchased beefsteak at retail from the defendant on two occasions in September, 1943, to recover as provided by law for overcharges above the maximum price prescribed by the Office of Price Administration. Emergency price control act of 1942, § 205 (e) (Act of January 30, 1942, 56 U. S. Sts. at Large, 23, 34). After a hearing without jury, a judge made a finding for the plaintiff in each case in the sum of $50. The cases are here upon the exceptions of the defendant to the refusal in each case of a requested ruling that "on all the evidence and the law a finding for the plaintiffs is not warranted."

There is nothing in the question of constitutionality. *Schaffer* v. *Leimberg,* 318 Mass. 396. Neither is there anything in the point that the plaintiffs participated in the overcharges by buying in violation of the regulation fixing the maximum price. There was no evidence that required the judge to find that the plaintiffs made the purchases for the purpose of entrapping the defendant in a violation of a regulation, or that the plaintiffs even knew at the time of the purchases that the defendant was making a sale in violation of a regulation. See *Dunakin* v. *Southwestern Consumers Co-operative Association,* 49 N. M. 69. The statute penalizes a purchase in violation of a regulation only when made "in the course of trade or business," and that refers to the trade or business of the purchaser, § 4 (a) of the act. The purchases in question were not so made,

but were purchases by housewives. See *Bowles* v. *Seminole Rock & Sand Co.* 145 Fed. (2d) 482. Even if the violation of the regulations by the defendant was unintentional, that fact was immaterial at the time. *Thierry* v. *Gilbert,* 147 Fed. (2d) 603. *Bowles* v. *Franceschini,* 145 Fed. (2d) 510.

The only other substantial point argued by the defendant is that there was no evidence of the existence of any regulation that could be violated. The plaintiffs, and the administrator of the Office of Price Administration appearing as amicus curiae, suggest that the court below as well as this court is required to take judicial notice of the regulations made by the administrator. No specific regulation was brought to the attention of the trial court.

It is true that a regulation lawfully made by a Federal officer or board under authority granted by Congress becomes part of the "supreme law of the land" which by Constitution of the United States, art. 6, is superior to State constitutions and laws. *Schaffer* v. *Leimberg,* 318 Mass. 396, 404, 405. But that does not determine any question of judicial notice. Plainly a State court takes judicial notice of the general or public law of its own State. *Harris* v. *Quincy,* 171 Mass. 472, 473. *Brodsky* v. *Fine,* 263 Mass. 51, 54. *Prescott* v. *Secretary of the Commonwealth,* 299 Mass. 191, 204. *Grant* v. *Aldermen of Northampton,* 316 Mass. 432, 435. Wigmore, Evidence (3d ed.) § 2572. Wigmore (Evidence [3d ed.] § 2573) and Beale (Conflict of Laws [1935] § 624.1) take the position that since Federal law pervades every State, and forms part of the law in force in each State, State courts should notice it judicially, just as they notice their own local law. We need not discuss the possible intimations to the contrary in our earlier statutes (Gen. Sts. [1860] c. 131, § 63; Pub. Sts. [1882] c. 169, § 71; R. L. [1902] c. 175, § 75; G. L. [1921] c. 233, § 70), for the general question was set at rest by St. 1926, c. 168, § 1, now G. L. (Ter. Ed.) c. 233, § 70, which provides that "The courts shall take judicial notice of the law of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material."

*Council* v. *Cohen,* 303 Mass. 348, 351. This case does not require us to consider whether our statute requires judicial notice of regulations made by Federal agencies subordinate to Congress, where similar regulations made by State agencies under power delegated by the Massachusetts Legislature could not be judicially noticed. *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20. See also St. 1943, c. 190, amending G. L. (Ter. Ed.) c. 233, § 75. And our decisions leave in some doubt the question how far under that statute the law of another jurisdiction must be brought to the attention of the trial court.

We need not consider, either, whether the Federal act providing that "the contents of the Federal Register shall be judicially noticed" (Act of July 26, 1935, c. 417, § 7; 49 U. S. Sts. at Large, 500, 502; U. S. C. [1940 ed.] Title 44, § 307) was intended to require any court to search the Federal Register for regulations not brought to its attention by counsel, or was intended to apply to proceedings in State courts, or can have any application to such proceedings even where the cause of action is created by a Federal statute.

But even though the text of the Federal regulation in question was not before the trial court either as evidence or by way of judicial notice, nevertheless we think there was no error in the refusal of the ruling requested. There was evidence of the nature of the regulation, introduced without exception, and therefore proper for the consideration of the tribunal of fact, regardless of its technical admissibility. *Damon* v. *Carrol,* 163 Mass. 404. *DuBois* v. *Powdrell,* 271 Mass. 394. *Crowley* v. *Swanson,* 283 Mass. 82, 85. *Solomon* v. *Dabrowski,* 295 Mass. 358, 360. *Jackson* v. *Colonial Provision Co. Inc.* 314 Mass. 177, 180. *Commonwealh* v. *Rubin,* 318 Mass. 587, 591. The late war has made us all familiar with the expressions "ceiling prices" and "ration points." The defendant testified that the ceiling price of the best beefsteak that he sold was fifty-seven cents a pound. Yet there was evidence that he sold one pound of beefsteak to each of the plaintiffs on two occasions for a much larger price. Upon this evidence we think that

there was a case for the consideration of the judge as the tribunal of fact, and that there was no error in the refusal of the requested ruling.    In each case the entry will be

*Exceptions overruled.*