WALTER W. GILBERT *vs.* MERRIMAC DEVELOPMENT COR-
PORATION.

Essex.   March 6, 1956. — March 28, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*Contract,* Validity.  *Evidence,* Judicial notice, Federal regulation.

A contract by a corporation to pay one not in its employ a commission if
he should obtain a certain United States government contract for the
corporation as the prime contractor was not invalid by reason of
U. S. C. (1952 ed.) Title 41, § 51, relating to "Fees or kick-backs by
subcontractors."   [759]

This court declined to take judicial notice of a Federal executive order
not brought to the attention of the trial court.   [759]

CONTRACT.   Writ in the District Court of Lawrence dated
June 10, 1954.

The action was heard by *Daly,* J.

*Alfred L. Daniels,* for the defendant.

*Paul V. Salter,* for the plaintiff.

WILKINS, J.   This is an action of contract to recover
"a commission" under an oral contract for obtaining orders
for the defendant.   One of the defences was that "the
transaction from which the plaintiff's alleged claim arises
was illegal."   The trial judge found for the plaintiff.   The
Appellate Division dismissed a report, and the defendant
appealed.

There was evidence warranting the findings here enumer-
ated.   The plaintiff, who was treasurer of Dartmouth Box
Company and never in the employ of the defendant, re-
quested the defendant to take an assignment of a government
contract which had been obtained by the box company.
The defendant declined this offer, but instead on August 12,
1953, made an oral contract to pay the plaintiff a com-
mission of five per cent if he could obtain this contract for
the defendant direct.   As a result of the plaintiff's efforts,

the defendant received a "negotiable Marine Corps contract."

The only question is the correctness of the denial of the defendant's fifth request for a ruling: "A finding by this Honorable Court that a valid oral contract was entered into by the plaintiff and the defendant [*sic*] the plaintiff would be barred from recovery because said contract based on a government contract would be illegal. 41 U. S. C. A. § 51. *Tocci* v. *Lembo*, 325 Mass. 707. *Nussenbaum* v. *Chambers & Chambers Inc.* 322 Mass. 419, 421, 422."

The sole ground of illegality suggested in this incompletely worded request, or argued before the Appellate Division, was U. S. C. (1952 ed.) Title 41, § 51, entitled, "Fees or kick-backs by subcontractors on cost-plus-a-fixed-fee or cost reimbursable contracts . . .." As was pointed out in the opinion of the Appellate Division, and as now seems to be conceded by the defendant, this statute relating to certain government contracts is inapplicable. There is nothing to show that "a negotiable Marine Corps contract" is a "cost-plus-a-fixed-fee or cost reimbursable" contract. By its terms the act prohibits payments by a subcontractor to "any officer, partner, employee, or agent of a prime contractor," to a prime contractor, or to "any officer, partner, employee, or agent of a higher tier subcontractor." The defendant was not a subcontractor, but a prime contractor. The plaintiff was neither a prime contractor, nor the officer, partner, employee, or agent of a prime contractor or higher tier subcontractor.

The defendant now brings forward in this court another ground of illegality. This is executive order No. 9001, effective December 27, 1941. 6 Fed. Reg. 6787. 8 Fed. Reg. 1429. U. S. C. (1952 ed.) Title 50, Appendix, § 611. We need not take judicial notice of this regulation, which was not brought to the attention of either court below. *Mastrullo* v. *Ryan*, 328 Mass. 621, 622. But we must take note of Federal statutes. G. L. (Ter. Ed.) c. 233, § 70. *Glover* v. *Mitchell*, 319 Mass. 1, 3. The defendant erroneously refers to U. S. C. (1952 ed.) Title 41, § 254 (a), which was not

enacted until June 30, 1949, as the authorization for the order. But this is of no present importance. No argument is made by the defendant based upon § 254 (a) standing alone, and the record does not disclose facts bringing the present contract within the provisions of that section.

*Order dismissing report affirmed.*