*District Court Of
East Norfolk*

No. 45104

**JORDAN BUILDERS, INC.**

v.

**THE LARKIN COMPANY, INC.**

Argued: —— 1968.    Decided: —— 1968.

130

*Present:* Nash, C. J., Cox, Murphy, J. J.

Case tried to *Casey, J.*, in the District Court of East Norfolk No. 45104

*Cox, J.* In this action of contract the question is whether payment for the carpenter work which the plaintiff performed in the construction of a dormer is the defendant's obligation. There was a finding for the plaintiff in the sum of $684.00. The case was reported because the defendant claims to be aggrieved by the admission of evidence over its objections and by the denial of some of its requested rulings.

It appears that one Graham Parnell requested

the plaintiff to do some carpenter work on a dormer which the defendant was to construct on a house in Milford. Parnell told the plaintiff to bill the defendant and that the defendant was to pay the bill. The defendant objected to this conversation. It was admitted *de bene*. At the close of the plaintiff's case the defendant moved to strike the evidence. Its motion was denied and the defendant's rights saved.

Before commencing work the plaintiff called the defendant's office "and was informed by a young lady that the defendant did have a contract to build the dormer."

Being very busy at the time the plaintiff "contacted the Thornhill & Son Construction Co. to do the carpenter labor for Graham Parnell." Thornhill did the work between September 18 and September 28, 1966 and submitted a bill for $684.00 to the plaintiff which the plaintiff paid.

Over the defendant's objection Thornhill was allowed to testify *de bene* that "Parnell told him that he was superintendent for the Larkin Co., Inc." At the close of the plaintiff's case the defendant moved to strike Thornhill's testimony on the ground that there was no evidence that Parnell was in fact superintendent of Larkin Co., Inc. with authority to speak in its behalf. The judge denied the motion and the defendant claimed a report.

After the work was done the plaintiff's representative then contacted one David Bailey,

the defendant's president and general manager, about payment. Bailey told him that he had already paid Parnell and was certainly not going to pay anyone else. "This was the first contact that the plaintiff had with Mr. Bailey." Bailey denied that Parnell had authority to hire anyone in behalf of the Larkin Co. He testified that he had a contract to build the dormer in Milford and had subcontracted certain of the labor to Parnell to whom he paid by checks, admitted in evidence, $150.00 on September 9, $150.00 on September 23, and $152.81 on September 29, 1966. He further testified that he had hired Baker Bros., a labor subcontractor, to work on the job. The defendant was paid $3000. for the construction of the dormer.

Parnell was unavailable at the time of trial, both parties having unsuccessfully tried to locate him.

The judge allowed requested rulings that on the law and the evidence a finding was warranted for the defendant. See *Hoffman* v. *Chelsea*, 315 Mass. 54. *Liberatore* v. *Framingham*, 315 Mass. 538, 541-542. He denied the following requested rulings:

"1. There is no evidence to warrant a finding that the defendant had any business dealings with the plaintiff.

2. There is no evidence to warrant a finding that the person or persons that the plaintiff did business with were

either agents or servants of the defendant.

3. There is no evidence to warrant a finding that the work done or materials provided by the plaintiff were for the defendant.

4. There is no evidence to warrant a finding that the defendant or its representatives ordered any work or materials from the plaintiff.''

His decision states ''I find that the plaintiff was hired to furnish carpenter labor to build dormer by one Parnell acting in behalf of the defendant.''

The basic question, the answer to which must control the decision, is whether Parnell could be found, upon any reasonable view of competent evidence, to have been acting as representative or agent of the defendant in procuring services of the plaintiff.

As bearing on the basic question we first consider the evidence admitted over the defendant's objections. In our opinion it was prejudicial error to have admitted the evidence that Parnell told the plaintiff to bill the defendant and that the defendant would pay the bill. It was also prejudicial error to have admitted the evidence that Parnell told Mr. Thornhill that he was superintendent for The Larkin Co., Inc.

The statement of a person that he is the agent of another is inadmissible to prove the

extent and nature of his authority. Parnell's statement to the plaintiff and to Thornhill were merely statements of his conclusions with reference to his representative capacity so far as the defendant was concerned. They were not statements of fact. The evidence would not have been admissible even if Parnell had been a witness and had undertaken to so testify. *Eastern Paper & Box Co., Inc.* v. *Herz Mfg. Corp.*, 323 Mass. 138, 144. *McNicholas* v. *N.E. Tel. & Tel. Co.*, 196 Mass. 138, 142-143. *Beaucage* v. *Mercer*, 206 Mass. 492, 500. *Commonwealth* v. *Henry W. Barry Co.*, 256 Mass. 491. *Friend Lumber Co.* v. *Armstrong Bldg. Fin. Co.*, 276 Mass. 361, 367.

With the exclusion of Parnell's statements nothing remains which would warrant the finding that Parnell was the defendant's representative with authority to act or speak in its behalf. The call to the defendant's office by the plaintiff's representative before commencing work elicited only the information that the defendant in fact had a contract to build the dormer. It proved nothing so far as Parnell's relationship to the defendant was concerned. The remaining evidence becomes inconsequential. It would warrant a finding that Parnell had a contract with the defendant to do work for which he was paid and that Parnell hired, but did not pay the plaintiff. It has no bearing upon his alleged agency. Neither does the re-

maining evidence support a finding of apparent or ostensible authority of Parnell to speak or act for the defendant. "The apparent scope of an agent's authority is limited, ———, to that which falls within the general class of acts done by him over a considerable period of time." *Hurley* v. *Ornsteen,* 311 Mass. 477, 482. Nor was such apparent authority created by any acts or words of those responsible for the conduct of the defendant's business which could reasonably be interpreted to cause a third person, such as the plaintiff, to believe that the defendant consented to have Parnel employ the plaintiff in its behalf. *Watkins* v. *Simplex Time Recorder Co.,* 316 Mass. 217, 226.

There is no competent evidence to show, nor from which it might reasonably be inferred, that the plaintiff and the defendant had any contractural arrangement with each other, directly or by agency. *Farquhar* v. *Brown,* 132 Mass. 340, 342. *Bean* v. *Pratt,* 19 Mass. App. Dec. 186. Accordingly, rulings numbers, 1, 2, 3 and 4 which the defendant requested should have been given. Their denial was prejudicial error.

The finding for the plaintiff should be reversed and judgment ordered for the defendant.